CASE 2————JUNE 5.

## Commonwealth vs. Runnion & Hay.

APPEAL FROM BARREN EQUITY AND CRIMINAL COURT.

Under section 94 of the Criminal Code the court has power to remit the penalty of a bail bond, although a judgment had been rendered upon the bond, which was set aside on the same day, and the remission then made.

In such case, in the absence of a bill of exceptions by the Commonwealth, the court of appeals will presume that there was sufficient evidence of the surrender or arrest

of the defendant at the time the remission was made, as required by the section *supra,* and that it was shown that the remission was just and proper.

A party complaining of an abuse of discretion on the part of the circuit court must show, by a proper bill of exceptions, that the abuse was committed.

A. J. JAMES, Attorney General, and W. B. JONES, for Commonwealth, cited *Criminal Code, sections* 92, 94; *Jones vs. Commonwealth, MS. opinion, December* 1857.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

Runnion was indicted for a misdemeanor, and executed a bail bond in the penalty of $100 for his appearance, with Hay as his surety. The bond was taken as forfeited because of Runnion's failure to appear, and process served upon him and his surety, requiring them to show cause against a judgment upon the bond.

Runnion answered, alleging that he promptly appeared to answer the charge, and was in attendance when the case was called and continued, and denying any default upon his part. The case seems to have been heard, and a judgment rendered against the obligors in the bond; but on the same day of the term this judgment was set aside, and an order made remitting the amount of the bail bond except ten dollars, and rendering a judgment for that sum against the principal and his surety, with costs, to which order the Commonwealth's Attorney excepted, and of which he now complains.

The proceeding seems to have been had under the 94th section of the Criminal Code, which reads as follows:

"If, before judgment is entered, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or any part of the sum specified in the bail bond."

This court, in the case of the *Commonwealth vs. Thornton,* (1st, *Metcalfe,* 383,) decided that the foregoing section was constitutional, and also held that it affords to the defendant in such cases a new description of defense not allowed prior to the adoption of the Criminal Code.

Before that time the circuit judge had no power over the case after the expiration of the term at which the forfeiture or

the bond was entered; and, although satisfied that the failure of the defendant to appear was the result, not of his negligence, but of some casualty not under his control, was compelled to enter judgment for the full amount.

To remedy this evil the section *supra* was enacted, and by it such matters may be set up and relied on *before judgment*, provided the defendant has been *arrested* or *surrendered*.

Here it seems the judgment had been rendered, and it is said that after this was done the power to remit was at an end. To this it may be replied, that the Court had control over the judgment when it was set aside, and that the order setting it aside on the same day placed the defendants in the same attitude they occupied before the judgment was rendered. There was then no judgment against them.

But it is said that it does not appear that the defendant had surrendered himself, or had been arrested, and was in the custody of the court when the order of remission was made.

The record contains no bill of exceptions, and fails to show what evidence was introduced upon the first hearing of the case, or on the motion to remit. The fact of a surrender or an arrest under the indictment, would not necessarily or properly appear from the proceeding on the bail bond, but could only be shown by the introduction of the record in the proceeding under the indictment or in some other legitimate manner; and inasmuch as the appellant has failed to show what facts were made to appear before the circuit judge, the presumption must be indulged that there was sufficient evidence of the surrender or arrest of the defendant at the time the remission was made; and not only so, but that it was shown that the remission was just and proper.

Justice to the circuit court, as well as repeated decisions to the same effect, demands that the party complaining of an abuse of discretion on the part of such court should show, by a proper bill of exceptions, that the abuse was committed. We cannot presume that it was, and upon that presumption reverse.

The judgment is *affirmed*.