JUDGE HARDIN
delivered the opinion op the court :
The appellee, Davidson, was indicted in the Webster circuit court of the crime of willful and malicious stabbing, and being admitted to bail in the sum of $250, *134 entered into a recognizance- in that sum with Ebenezer Cobb, N. M. Couch, R. F. Coffman, Alexander Anderson, and W. L. Bracket, his sureties, to secure his appearance in answer to the charge.
Afterwards, at the March term, 1865, Davidson failing to appear, an order was made forfeiting the recognizance, and awarding a summons thereon; and at the September term, 1865, the summons having been returned executed, the appellees appeared and moved the court to quash the summons, and also demurrred to it, and the motion and demurrer being both overruled by the court, and the attorney for the Commonwealth having moved the court for judgment upon the recognizance, Davidson surrendered himself in court, and his sureties moved the court to remit the penalty of the recognizance ; and after examining Davidson upon oath, and hearing the testimony of another witness, the court adjudged a remission of the entire sum specified in the recognizance; and from this judgment the Commonwealth prosecutes this appeal.
The 94f/i section of the Criminal Code provides: “ If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum.specified in the bail bond.”
While we do not construe this provision as conferring on the court an arbitrary and unlimited discretion, we do regard it as vesting the court with a broad legal discretion over the subject of forfeited bail bonds not to be restrained or controlled by this court, unless it shall appear to have been flagrantly and manifestly abused. There appears to have been no such abuse of the discretionary power of the court in this case, nor any such essential error in its rulings as to authorize a reversal of the judgment. *135 Regarded as a witness merely, Davidson was certainly incompetent to testify in behalf of himself or his sureties,* but we think the court, in its discretion, had a right to receive his oral statement on oath, in lieu of a written affidavit, as a foundation on which to base the application to remit the penalty of the bond. It appears, moreover, prima facie at least, by the testimony of Crawford, that the non-appearance of Davidson was induced by fear of violence to his life or person at the hands of soldiers.
Upon the whole, as already intimated, we perceive no sufficient reason for reversing the judgment. Wherefore, the judgment is affirmed.