## Fortney v. Commonwealth.

(Decided November 10, 1910.)

### Appeal from Rockcastle Circuit Court.

1. Bail bonds—Remission—Discretion of Court—Judicial Discretion.—Under section 98 of the Criminal Code providing, "If before judgment is entered against the bail the defendant be surrendered or arrested, the court may in its discretion remit the whole or part of the sum specified in the bail bond." Held, that the discretion conferred by this section is a judicial one, and not an arbitrary one, but its exercise will not be controlled unless palpably abused.

2. Same—Purpose of Bail bonds.—The purpose of requiring bail bonds is not to enrich the treasury, but to secure the administration of justice, the primary object being to punish the criminal. The bond is allowed to be given for the convenience of a person not yet proven to be guilty, and to protect the State against the expense of keeping such persons in jail.

C. C. WILLIAMS for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Oliver Messer was indicted in the Rockcastle circuit court for the offense of false swearing, and was admitted to bail in the sum of $300, B. D. Fortney executing the bail bond for his appearance. He did not appear on the calling of the case for trial on December 18, 1909, and the bond was adjudged forfeited. Fortney thereupon communicated with the county attorney and at his suggestion procured a copy of the bail bond and set to work to have Messer arrested, which he succeeded in doing before the next term of court and had him delivered to the jailer of the county on January 15, 1910. At the following March term, the summons which issued upon the forfeited bail bond having been served upon Fortney, he filed his answer setting out the foregoing facts, and the jailer's re-

ceipt for the prisoner. The court adjudged the answer insufficient, and entered judgment against Fortney for $300, the full amount of the bond. From this judgment he appeals.

Fortney had spent $90 in following up Messer and securing his delivery to the jailer of the county; so that as matters stand, although he has·spent this sum and secured the arrest of the prisoner, he is made to pay the full amount of the bail bond. Section 98 of the Criminal Code provides:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion remit the whole or part of the sum specified in the bail bond."

The discretion which is conferred upon the court by the section is a judicial discretion and not an arbitrary one. But its exercise will not be controlled unless palpably abused. (Com. v. Davidson, 1 Bush, 133, Yarbrough v. Com. 89 Ky. 151.) Yet the statute must be administered in such a manner as to effectuate its purposes. The purpose of requiring bail bonds is not to enrich the treasury but to secure the administration of justice. The purpose of the statute in allowing a remission of the whole ·or a part of the sum specified in the bond, where the defendant is surrendered or arrested before judgment is entered against the bail, is to secure the defendant's being arrested and brought to justice. The bail has this means of protecting himself, and an incentive is offered to him to secure the arrest of the defendant. Thus justice is not defeated by the criminal's flight, and while the trial may be delayed, the criminal does not escape. The primary object of the law is to punish the criminal. The bond is allowed to be given for the convenience of a person not yet proved to be guilty, and to protect the state against the expense of keeping such persons in jail. When the criminal has been arrested promptly as in this case, it would entirely defeat the purpose of the statute if no part of the penalty of the bail bond is remitted; for if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice, and it was this that the statute was aimed to secure. Under the facts the circuit court palpably abused a sound discretion in giving judgment against the bail for the full amount of the bond; and under all the circumstances,

a judgment for $50 with cost against the bail is as much as should be rendered.

Judgment reversed and cause remanded for a judgment as above indicated.