## Turner, et al. v. Commonwealth.

(Decided October 3, 1916.)

### Appeal from Logan Circuit Court.

1. Criminal Law—Discretion of Court—Section 98 Criminal Code.— The discretion conferred upon the trial court by Section 98 of the Criminal Code to remit the whole or part of a forfeited bail bond is to be exercised judicially upon a consideration of the facts relied upon in the defense; and for a flagrant abuse of this discretion a reversal of the judgment will be granted.

2. Trial—Joint Defendants—Defenses.—A defense, presented by one of several defendants jointly bound, which is not separate or personal, but which goes to the merits of the whole controversy and shows the plaintiff ought not to recover in the action, is available to all such defendants.

S. R. CREWDSON, J. W. LINTON and SIMS, RODES & SIMS for appellants.

M. M. LOGAN, Attorney General; CHAS. H. MORRIS, Assistant Attorney General; JAS R. MALLORY, Commonwealth Attorney, and E. J. FELTS, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

At the September, 1914, term of the Logan circuit court the appellant, Harrison Turner, was indicted upon a charge of murder, and his bail fixed in the sum of two thousand ($2,000) dollars, bond for which he executed with his brother, Rufus Turner, as surety thereon. At the next term of court when his case was called on the third day of the term, he did not answer for trial. The fact was entered upon the record, his bail bond forfeited and summons directed to be issued against his surety, returnable the first day of the next term of court.

Upon the day the case was called for trial the defendant came to Russellville, the county seat of Logan

county, about nine A. M., went to the office of his attorney, and from there to another part of the town for the purpose, as he states, of seeing one of his witnesses. About the time he got to town, his case was called, the bond forfeited, and a bench warrant issued and delivered to the sheriff for his arrest. An uncle, Lon Turner, who knew where defendant had gone, went and informed him of what had happened, and the two of them were on their way to, and within three hundred or four hundred yards of the court house, when they were met by the sheriff, who arrested defendant and brought him into court within about thirty minutes after the forfeiture had been entered. Defendant stated that he thought court convened at ten o'clock, whereas it begun about nine; that he did not intend to avoid trial and that his failure to be present was due to his mistake about the time court began. He was then placed in jail and remained there until the next term of court, when he was tried and convicted.

In answer to the summons upon the forfeiture, the surety upon the first day of the next term of court filed a response setting up the facts substantially as stated, which was traversed of record, and after hearing the proof, judgment was entered against the defendant and the surety for $2,000.00, the full amount of the bond.

This is an appeal by both the defendant and his surety from that judgment. It is argued for the Commonwealth that, inasmuch as the defendant, Harrison Turner, did not file a response, the judgment against him at least must be affirmed; and that the judgment against the surety, Rufus Turner, is not an abuse of the discretion vested in the trial court, and ought to be affirmed.

Discretion to fix the penalty for a violation of a bail bond is conferred upon the trial court by Section 98 of the Criminal Code which is as follows:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

This section of the Code was first construed by this court in Commonwealth v. Thornton, 1 Met. 380, and the power conferred upon trial courts thereunder thus defined and explained:

"This is the whole effect of the provision. It only confers a judicial power. The language used in the Code, when superficially considered, would seem to imply a right to exercise an absolute and unlimited power. It is said therein, 'the court may, at its discretion, remit the whole or part of the sum specified in the bail bond.' This discretion, however, is to be exercised judicially upon consideration of the facts relied upon in the defense, and is not an arbitrary and uncontrollable discretion. The right to remit, which is conferred, is only a power to decide how much, if any part of the sum specified in the bail bond, a judgment shall be rendered for. The defense which the Code authorizes may be, as established by the proof, sufficient to diminish the amount of the judgment, although insufficient to entitle the defendants to a discharge from all liability on the bond. In this respect the defense is somewhat anomalous in its character, but still, it is such a defense as the legislature could allow the obligors in the bond to make, and empower the court to hear and determine."

This construction never has been departed from but has been recognized and approved in many subsequent opinions of this court. Commonwealth v. Coleman, 2 Met. 382; Commonwealth v. Runnion, 3 Met. 2, and Commonwealth v. Hillis, 96 S. W. 873.

So that the trial court in the instant case was authorized and had the power to adjudge against these appellants such a sum, and only such a sum, as was reasonable upon the facts in this case as shown in the evidence. It is clearly established that there was no purpose on the part of the defendant to avoid trial, and that he was not in court to answer when his case was called for trial because of the fact that he was mistaken about the time court convened. As he was in court within about thirty minutes after his case was called, it is apparent that the Commonwealth, if ready for trial, and it had so desired, could have proceeded with the trial upon that day; certainly at that term. In view of these facts the judgment of the lower court is unreasonable and unjust, and is such an abuse of a sound judicial discretion as this court will control. Fortney v. Commonwealth, 140 Ky. 545. The whole of the penalty should have been remitted, as defendant's violation of his bond through ignorance was at least satisfied by his loss of freedom as a result thereof, for three

months, before he was convicted of the crime for which he was in court.

2.    Although the defendant did not file a written response, since he and his surety were jointly bound and the defense filed by the surety was not separate or personal to him, but went to the merits of the whole controversy, and showed that the Commonwealth ought not to have recovered anything upon the forfeiture herein, the defense thus presented by the surety will avail the defendant as well.

Section 439, Newman on Pleading, is as follows:

''If any one of the defendants in an action relies upon a plea of infancy, coverture, limitations, *non est factum,* or any other defense merely personal, or which does not go to the whole action, the plaintiff may recover as to some of the defendants while he fails as to others. But if either of the defendants should, in a joint or separate answer, rely upon a defense, which goes to the entire merits of the action, such as payment, accord and satisfaction, or other meritorious defense, which shows that the plaintiff ought not to recover in the action, a judgment cannot be rendered against any of the defendants, until that plea is disposed of; and if that defendant should succeed upon such a plea, the action must be dismissed as to all of the joint defendants.''    Ample support of this text will be found in Miller v. Higginbotham, 29 R. 549; Williams v. Rogers, 14 Bush 776, and Rouse v. Howard, 1 Duval 31.

Wherefore the judgment is reversed for proceedings consistent herewith.