## Commonwealth v. Cambron.

(Decided October 6, 1925.)

### Appeal from Marion Circuit Court.

1. Bail—Bail May Surrender Accused at Any Time by Delivering Him to Jailer with Certified Copy of Bail Bond.—Purpose of bail, as shown by Criminal Code of Practice, sections 72, 88, being to insure accused's presence at place of trial and his surrender in execution of any judgment against him, bail may surrender him at any time by delivering him to jailer, who must receive him in custody when properly presented, accompanied by certified copy of bail bond.

2. Bail—Trial Court Vested with Broad Discretion in Remission of Bail.—By Criminal Code of Practice, section 98, trial court is vested with broad discretion in remission of bail on surrender or arrest of defendant before judgment is entered against bail.

3. Bail—Exonerating Bail Delivering Prisoner Without Presentation of Certified Copy of Bond Held Not Abuse of Discretion.—Where surety on bail bond arrested accused and delivered him to jailer before judgment on bond and jailer's right to receive and hold him was not questioned, but admitted by accused who subsequently escaped, court did not abuse discretion in exonerating bail, though latter failed to secure certified copy of bond and take receipt from jailer for prisoner; literal compliance with all provisions of Criminal Code of Practice, section 86, not being required to obtain remission.

FRANK E. DAUGHERTY, Attorney General, and C. S. HILL for appellant.

H. S. McELROY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Cambron, was surety on an appearance bond of one Sherman Lyons, charged with the offense of unlawfully selling spirituous liquors in Marion county. When the case was called for trial the defendant, Lyons,

failed to appear; thereupon forfeiture of the bond was ordered and summons issued against the surety Cambron. As soon as the summons was served upon Cambron he applied to the clerk of the court for a copy of the indictment and obtaining it, endorsed thereon "an order of arrest for the defendant, Lyons." He then delivered the indictment thus indorsed to a peace officer of the county and the two went to Louisville, where they had information Lyons was located, and there arrested him. They carried him to the jail in Marion county and delivered him to the jailer, who took him in custody. Some time later Lyons escaped.

At the proper time appellee Cambron filed a response in which he set up all the foregoing facts, including the apprehension of Lyons and his delivery to the jailer of the county and his incarceration in jail. Upon hearing the court exonerated the bail, and the Commonwealth, complaining of this order, appeals.

By section 86 of the Criminal Code, it is provided:

"At any time before the forfeiture of their bond, the bail may surrender the defendant, or the defendant may surrender himself to the jailer of the county in which the prosecution is pending, but the surrender must be accompanied with a certified copy of the bail bond to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment, and give a written acknowledgment of the surrender, and the bail shall thereupon be exonerated."

Construing this section we have held that the bail has a right to surrender the defendant to the jailer, whose duty it will be to detain him in custody as upon commitment, and if this be done in the manner prescribed in section 86 of the Criminal Code before forfeiture of bond the surety shall be exonerated. Appellant, Commonwealth, relies upon the case of Coleman v. Commonwealth, 9 Ky. Op. 160, where it was held in substance that a surrender of a defendant to the jailer without a *certified copy of the bond* did not entitle the bail to exoneration. In this case the surety did not obtain a *certified copy of the bail bond,* but merely a certified copy of the indictment, and this, appellant insists, was not a compliance with the Code provision, and did not entitle the bail to exoneration. The purpose of the bail, as shown by title 5, chapters 1 and 2 of the Criminal Code, is to insure the presence of the accused at the place of trial and

that he will surrender himself in execution of any judgment that may be rendered against him upon the charge. A bail has authority to surrender the defendant at any time by delivering him to the jailer and the jailer must receive the defendant in custody when properly presented, accompanied by a certified copy of the bail bond. In this case the defendant was surrendered into the custody of the jailer and the jailer received and held the defendant until he broke jail. No question was made of the right of the jailer to receive and hold the defendant. The defendant admitted himself properly in custody. Under such circumstances we would be slow to hold that the failure of the bail to secure a certified copy of the bond and to take a receipt from the jailer for the prisoner precluded him from exoneration. That would be giving too much emphasis to mere form.

The trial court is vested with a broad discretion in the remission of bail. By section 98 of the Criminal Code, it is provided:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

It will be noted that if the bail surrender the defendant before judgment on the bond the court may at its discretion remit the whole or part of the sum specified in the bail bond. No judgment had been entered on the bond at the time appellee, Cambron, arrested and delivered the defendant, Lyons, to the jailer of Marion county.

A literal compliance by the bail with all the provisions of section 86 are not required in order to obtain a remission. We have so ruled in the cases of Commonwealth v. Coleman, 2 Metcalfe 386; Commonwealth v. Davidson, 1 Bush 133. If, before judgment on the bond, the defendant is surrendered to the court or jailer, the court may dismiss the proceedings upon a forfeited bond and exonerate the bail.

The facts before us in the instant case were sufficient, it seems to the court, to sustain the judgment of the lower court exonerating the bail. There was certainly no abuse of discretion. Judgment affirmed.