## Abrams et al. v. Commonwealth.

(Decided April 27, 1934.)

**76**

ROSS & ROSS for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

On October 28, 1931, an indictment was returned by the grand jury of Madison county, charging C. C. Weber, John Dean, and the appellant, L. A. Abrams, with the crime of conspiracy. Bail bond for each of the defendants was fixed at $500. This, the defendant and appellant, L. A. Abrams, executed on October 29, 1931, in the specified amount, with T. S. Abrams and Edgar Howard as sureties, whereby they undertook that the said defendant Abrams would appear in the said court on the 7th day of its February term, 1932, to answer said charge and would at all times render himself amenable to the orders and process of the said court in the prosecution of said charge.

The said defendant did thereafter so appear for trial at the February term, 1932, of the court and regularly at its succeeding terms of court until the February, 1933, term thereof, at which the prosecution of his case was set for trial on the 14th day of February, when defendant failed to appear. Upon his being called and failing to answer, the fact was noted upon the record, and, upon motion of the commonwealth, forfeiture of the bail bond was ordered and summons issued against defendant and his bondsmen to show cause at the succeeding May term why they should not be adjudged to pay the bond.

At the said term of court, the defendants filed response and amended response to the order of forfeiture, wherein they set out the facts and circumstances pleaded as excusing defendant's failure to appear in court upon the day stated. To these answers demurrers were filed, which were respectively sustained by the court, and, upon defendants' declining to plead further, the court ordered that the bail bond be forfeited, and adjudged the appellants to pay the full penal sum thereof of $500.

Complaining that the court palpably abused a sound judicial discretion in so adjudging and in refusing, under the circumstances and facts pleaded by their re-

sponse demurred to, either to discharge or remit any part of the amount of the bail bond ordered forfeited and paid, they have appealed.

The facts and legal principles, so far as pertinent and relative to the matters and question here involved, are identical with those found in the companion case of L. A. Abrams et al. v. Commonwealth, 254 Ky. 68, — S. W. (2d) — , this day decided by us, and to which reference is here made for a full statement thereof.

Therefore, for the reasons therein given and upon the authority of the companion case of Abrams et al. v. Commonwealth, we are of the opinion that the learned trial court abused the sound judicial discretion with which clothed by section 98 of the Criminal Code of Practice in here awarding judgment against the bail for $500, the full amount of the bond, as, under all the circumstances and facts here shown, we conclude that a judgment for $50, with costs, should have been rendered against the bail. Wherefore the judgment of the trial court is reversed and cause remanded for a judgment as above indicated.