# Hicks v. Commonwealth.

(Decided June 23, 1936.)

BLAKELY & MURPHY for appellant.

B. M. VINCENT, Attorney General,. and GUY H. HERDMAN, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

On April 8, 1935, the grand jury of Boone county indicted Joe Miller for chicken stealing. His trial was set for April 12th, and he gave bond with Jacob Hicks, of Kenton county, as surety in the sum of $1,000 for his appearance on that day to answer the charge. When the case was called for trial on April 12th, Miller was not in court, and the bond was forfeited, and Hicks was summoned to appear at the August term of the court to show cause why judgment for $1,000 should not be rendered gainst him on account of the forfeiture. Hicks filed a response stating that the summons was served on April 22d, and on the following day he delivered Miller to the jailer of Boone county, and that

he was diligent in producing Miller. Accompanying and incorporated in the response was the following affidavit of Miller:

"Joe Miller says that he is the defendant in the above case; that he was under indictment in the Boone circuit court and that his case was set for trial on Friday, April 12, 1935. The defendant says that he expected to be in the Boone circuit court on that day for trial; that on Wednesday, the 10th day of April, 'I started out to visit my father who was sick and who lives in Menifee County, Kentucky. I got as far as Lexington, Kentucky and stopped at my cousin's home where I took sick and I was sick in bed until the 19th day of April and was unable to get back for trial.'

"The defendant further says that he is a World War veteran and served in the World War from June 15, 1917, until March, 1919.

"The defendant says that his illness is a rheumatic condition and that at this time he is still suffering from that ailment. The defendant further says that his physical condition was the cause of his not appearing in the Boone circuit court at the time of the trial and that he had no means personally of notifying the court of this condition; that he is now coming in voluntarily and asking the court to set aside the forfeiture of the bond by reason of his inability to be present at the time of the trial."

Being of the opinion that Miller was absent for the purpose of getting a continuance, the court adjudged the response insufficient and entered judgment on the bond for $500. Hicks appeals.

Section 98, Criminal Code of Practice, reads as follows:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

The discretion conferred upon the court by the foregoing section is a judicial discretion and not an arbitrary one; but its exercise will not be controlled un-

less palpably abused. Turner v. Commonwealth, 171 Ky. 304, 188 S. W. 404; Commonwealth v. Thornton, 1 Metc. 380. On the questions when and how much of the sum specified in the bail bond should be remitted we have two classes of cases; one, where the defendant had a good excuse for being absent, Turner v. Commonwealth, supra; and the other where he had no excuse, Fortney v. Commonwealth, 140 Ky. 545, 131 S. W. 383; or only a slight one, Abrams v. Commonwealth, 254 Ky. 68, 70 S. W. (2d) 983. If the excuse is good, it operates for the benefit of the surety as well as the defendant, and authorizes the remission of the whole of the sum specified in the bail bond. Turner v. Commonwealth, supra. If the excuse is not good, other facts must be taken into consideration to determine the extent of the surety's liability. A well-considered case on the question is Fortney v. Commonwealth, supra. The defendant did not appear on the call of the case for trial on December 18, 1909. The surety set to work to have the defendant arrested and had him delivered to the jailer of the county on January 15, 1910, and filed an answer setting out the foregoing facts. The court adjudged the answer insufficient and entered judgment against the surety for the full amount of the bond. On appeal we held that the circuit court abused a sound discretion, and that under all the circumstances judgment for $50 with costs was as much as should have been rendered against the surety. In reaching this conclusion, the court said:

"The purpose of requiring bail bonds is not to enrich the treasury, but to secure the administration of justice. The purpose of the statute in allowing a remission of the whole or a part of the sum specified in the bond, where the defendant is surrendered or arrested before judgment is entered against the bail, is to secure the defendant's being arrested and brought to justice. The bail has this means of protecting himself, and an incentive is offered to him to secure the arrest of the defendant. Thus justice is not defeated by the criminal's flight, and, while the trial may be delayed, the criminal does not escape.

"The primary object of the law is to punish the criminal. The bond is allowed to be given for

the convenience of a person not yet proved to be guilty, and to protect the state against the expense of keeping such persons in jail. When the criminal has been arrested promptly, as in this case, it would entirely defeat the purpose of the statute if no part of the penalty of the bail bond is remitted; for, if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice, and it was this that the statute was aimed to secure.''

In Abrams v. Commonwealth, supra, the defendant, who had been present at other times when the case was set for trial, claimed that he did not appear the last time because of mistake. A week later he was arrested. It was held that a judgment exacting the full penalty of the $1,000 specified in the bail bond was an abuse of discretion, and that $50 with costs was sufficient. Conceding that the defendant Miller was absent without good excuse, it appears that Hicks, his surety, proceeded promptly and turned him over to the jailer of Boone county the day after he was notified that the defendant did not appear at his trial. In view of the purpose of the statute, and all the circumstances, we are constrained to the view that it was an abuse of discretion to enter judgment on the bail bond for $500, and that judgment for no more than $50 with costs should have been rendered.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.