## Craig v. Commonwealth.

Oct. 31, 1941.

158

Thomas W. Hardesty for appellant.

Tom Burchett, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Sometime prior to January 25, 1940, the grand jury of Boyd County returned an indictment against C. J. "Bud" Schweinefuss, in which he was accused of having theretofore committed the crime of what is described in the record as "Armed Robbery." His trial was set for February 1, 1940. The court had fixed the bail of the defendant in the indictment at $2,000 and on the day indicated his bond was executed with the appellant and defendant below, C. J. Craig, as surety, it containing the usual covenants found in such documents. On the day the case was set for trial the defendant therein was called and failed to answer; whereupon an order of forfeiture of the bond was taken and a summons was issued for appellant as surety thereon, for his appearance at the next succeeding April term of the court to show cause why judgment should not be rendered against him for the full amount of the bond because of the breaching of its covenants by the principal therein in failing to appear for trial at the time designated. The summons was executed on appellant four days later, and it cited him to appear and show cause at the succeeding April term of the court on its first day. Following the service of the summons, and on March 28, 1940, he and one Charles D. Crowe, who was then a captain of the State Bureau of Criminal Investigation in Kenton County where the defendant in the indictment and his surety, appellant, resided, accompanied the accused in the indictment—and principal in the bail bond—to Ashland, Kentucky, and delivered him to the jailer of Boyd county. However, the exact prescribed procedure was not followed in that the jailer did not issue a receipt for the possession of the body of the alleged criminal; he nevertheless took charge of the accused and the record does not disclose what eventually happened to him. However, there is nothing to show that the jailer did not have him in custody at all of the times thereafter involved in this litigation.

Appellant as surety in the bond seems to have labored under the impression that his act in apprehending his principal (the accused defendant in the indictment) and delivering him to the jailer of Boyd county, ipso facto had the effect to relieve him of further liability, and he made no defense to the forfeiture proceedings that had been taken against him. In the meantime the commonwealth took the depositions of two witnesses to prove that they had seen the indicted defendant in the police court of the city of Covington at about 9 A. M. on January 31, 1940, and that they did not observe him suffering from any ailment at that time, if such was the fact. But appellant was not served with notice of the contemplated taking of those depositions, nor did he appear at the taking either in person or by counsel. The only notice thereof was given to the defendant in the indictment. In the meantime, and before the indicted defendant was delivered to the jailer of Boyd county, and following the service of the summons on appellant, he took the deposition of himself and other witnesses to prove that on February 1, 1940, his principal was laboring under an attack of influenza with fever, and under the care of a physician who advised that his patient remain in bed for a number of days and not to expose himself to the extreme cold and inclement weather then prevailing. But, as stated, appellant did not at that time file the depositions that he had taken because of his erroneous impression that there would be no trial following his delivery of the accused to the Boyd county jailer.

On April 24, 1940, the commonwealth filed the depositions it had taken without notice to appellant and moved that its cause be submitted, which the court later sustained, and on May 25 of the same year it rendered judgment against appellant in favor of the commonwealth for the sum of $1,000 which, of course, was in effect a default judgment, since appellant at that time had not responded to the summons that had been executed upon him for the reasons hereinbefore stated. As soon as he learned of the judgment against him, and on June 1, 1940 (during the same term of court), he appeared in the Boyd circuit court and offered to file his response and the depositions that he had taken (and to which we have referred) in proof of the facts we have related, and then entered motion that the judgment against him

be set aside and he be permitted to file his tendered papers and make defense. In his response he stated that his principal on the first day of February, 1940, was sick and unable to appear in court. He then affirmatively averred his apprehension and delivery of his principal to the jailer of Boyd county, and asked that the forfeiture proceedings, as well as the judgment against him, be dismissed. The court on July 6, 1940, overruled appellant's motion to set aside the judgment, from which order he prosecutes this appeal, after his motion for a new trial was overruled.

The proof taken by appellant clearly shows without contradiction that his principal was, on February 1, 1940, suffering with a more or less severe attack of la grippe, or severe cold; that the temperature at that time was near zero and snow was falling, and that the physician of the patient had instructed him to remain in bed and not expose himself, since if not done he would probably contract some fatal attack as a consequence of the condition under which he was laboring. It was furthermore shown by such proof that the indicted principal remained under the influence of his attack for some two weeks thereafter. The same proof also established the fact of appellant's delivery of the accused to the jailer of Boyd county. Nothing appears in the record to show that the commonwealth was inconvenienced or incurred any extra cost in the prosecution over and above that of the attendance of the witnesses at the February term of court at which the trial was set, and at which defendant was absent and failed to respond.

Chapter IV, Title V (dealing with Bail) of our Criminal Code of Practice prescribes for the forfeiture of bail. The chapter is composed of sections 93, to and including section 100 of that Code. Section 98 says: "If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond." Before any judgment in this case was rendered the defendant in the indictment was apprehended as we have seen, and delivered to the jailer of Boyd county, so that the instant case is one where the court was authorized in the exercise of its sound discretion, to "remit the whole or part of the sum specified in the bail bond," and it did remit $1,000 thereof, which was one-half of the amount, and ren-

dered judgment for the other one-half; but the complaint here is that the remittance was too small in the circumstances, and at most, appellant should not have been held liable for any sum exceeding the probable cost resulting from the postponement of the trial.

The question involved has been before this court in a number of cases which are collated in the notes to section 98, supra, of our Criminal Code of Practice, the two latest of which are Abrams v. Commonwealth, 254 Ky. 68, 70 S. W. (2d) 983, and Hicks v. Commonwealth, 265 Ky. 123, 95 S. W. (2d) 1076. The opinion in the Abrams case referred to and discussed a number of prior opinions dealing with the same question and affirmed the propositions that the purpose of requiring bail was not to enrich the state treasury, but to secure the administration of justice, and that the purpose of permitting the remission of the whole or a part of the bail if the accused was later apprehended and delivered to the proper authority was [254 Ky. 68, 70 S. W. (2d) 984] "to secure the defendant's being arrested and brought to justice", and that "The primary object of the law is to punish the criminal. * * * When the criminal has been arrested promptly, as in this case, it would entirely defeat the purpose of the statute if no part of the penalty of the bail bond is remitted; for, if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice, and it was this that the statute was aimed to secure." In that case the judgment against the surety in the bail bond was for the sum of $500, one-half of the amount of the bond, but we held that the court abused its discretion in not making a further reduction, and we reversed the judgment with directions that one for only $50 be rendered against the surety. The foregoing interpretations were taken from our opinion in the case of Fortney v. Commonwealth, 140 Ky. 545, 131 S. W. 383, and they were not only approved in the Abram opinion, but likewise referred to in the later Hicks opinion. In each of those opinions other cases of this court were cited and the conclusion approved that the discretion lodged with the court in proceedings of this character to remit the whole or a part of the bond is not an arbitrary one, but should be reasonably exercised "upon a consideration of all the facts of the case." Here, there was no postponement of the trial of the al-

leged criminal (appellant's principal) for but one term of the Boyd circuit court. In the meantime he had been apprehended and delivered (though informally) to the jailer of Boyd county, in which the prosecution was pending.

In the light of our adjudications supra we can not escape the conclusion that the judgment against appellant for $1,000 was and is excessive and that the court abused its discretion in not rendering a very much reduced one. Viewing the case in the light of the facts we conclude that a judgment against appellant for the sum of $150 was all that could be justified under the facts adduced, and that a judgment for that amount would meet all of the requirements as heretofore declared by our previous opinions.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to render one against appellant and in favor of the commonwealth for the sum of $150 and the costs of the proceedings.