233 So.2d 788 (1970)
RESOLUTE INSURANCE CO. et al.
v.
STATE of Mississippi.
No. 45741.
Supreme Court of Mississippi.
April 6, 1970.
Billy J. Jordan, Jerome L. Lohrmann, Douglas C. Stone, J. Tyson Graham, Columbus, for appellants.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Vern Mac Thogmartin, having been bound over upon four criminal charges by a justice of the peace to await the action of the grand jury at the February, 1968 term of the Benton County Circuit Court, made bail in each case and was released. Appellant Resolute Insurance Company, Inc., was surety on three of the bonds and appellant, United Bonding Insurance, Inc. was surety on the other.
When the February, 1968 term of the Circuit Court of Benton County convened, indictments having been duly returned against him, Thogmartin failed to appear and defaulted. An order was entered for a judgment nisi and the writ of scire facias *789 was directed to issue as provided by Mississippi Code 1942 Annotated section 2491 (1956). The term adjourned finally, however, without the writ of scire facias (or any other process) having been issued.
In some manner, the sureties learned of Thogmartin's default and instituted inquiries for the purpose of locating him. These resulted in the discovery that Thogmartin was in a northern state. From thence his sureties procured his return to Mississippi where he was lodged in jail at Oxford.
When the next term of the Circuit Court of Benton County convened in August, 1968, Thogmartin was present, his presence having been procured by the sureties on his bonds by means of proceedings for habeas corpus ad prosequendum. Thogmartin announced ready for trial. At that time, no scire facias or other process had been issued. Under these circumstances the court directed that the writ of scire facias issue, returnable instanter, and this was done. Thogmartin was not tried and the matter of the proposed forfeiture of his bonds continued until the next term of the court, scheduled to convene in February, 1969.
At the February, 1969 term, it having been agreed that the cases would be considered together, the court entered final judgments of forfeiture against appellants, as sureties, for the full amount of their respective bonds. It is from those judgments that this appeal has been prosecuted.
The case is controlled by Mississippi Code 1942 Annotated section 2493 (1956) which is as follows:
Bail may, at any time before final judgment, surrender their principal, in vacation to the sheriff, or in open court, in discharge of their liability; but if this be done after forfeiture of the bond or recognizance, the breach of the bond or recognizance must be satisfactorily excused before the court, and all costs be paid by the bail, and such part of the bond or recognizance as the court orders; and upon surrender, the sheriff in vacation, and the court in term-time, may discharge the prisoner, on his giving new bail, but if he do not give new bail, he shall be detained in jail; and bail may arrest their principal anywhere or authorize another to do so.
The first provision of the section states: "Bail may, at any time before final judgment, surrender their principal * * * in discharge of their liability; * * *."
In the case here, Thogmartin was surrendered by his sureties in open court before final judgment. This had the effect, under the clear terms of the statute, of discharging their liability. The next provision in the section "* * * but if this be done after forfeiture of the bond or recognizance, the breach of the bond or recognizance must be satisfactorily excused before the court * * *" refers to what is to be done if the principal is not surrendered until after final judgment. In the present case, final judgment of forfeiture had not been entered and was not entered until long after the sureties had surrendered Thogmartin in open court.
Under the express terms of the statute, the liability of a surety is discharged if the principal is surrendered before final judgment, as a matter of right. The statute also permits the court, as a matter of grace, upon good cause shown, to remit such liability, in whole or in part, where the principal is not surrendered until after final judgment of forfeiture has been entered.
Bail is a fundamental, constitutionally protected right. Mississippi Constitution Article 3, section 29 (1890). The willingness of persons to become bail is essential to the protection of the liberty of individuals. Moreover, the public interest is promoted by the posting of bail in criminal cases by avoiding the harsh and expensive necessity of crowding into the jails persons accused of crime and awaiting trial. The concluding provision in section *790 2493 Mississippi Code 1942 Annotated (1956), which gives the surety the right to arrest his principal, would be of little practical value if it affords no relief to a surety who arrests and surrenders for trial his defaulting principal. The statutes reflect a coherent public policy directed toward making paramount the bringing to trial of those accused of crime, without inhibiting by oppressive measures and precipitate forfeitures the willingness of responsible persons to become bail.
Annot., 3 A.L.R. 180, 189 (1919) states:
The general rule seems to be that bail may surrender the principal, and thereby exonerate themselves, at any time before the entry of final judgment in a proceeding to enforce their liability.
In the case of Bearden v. State, 89 Ala. 21, 7 So. 755, 756 (1890) the Court said:
Bail is a delivery of a person to his sureties, upon their giving, together with himself, sufficient security for his appearance; he being supposed to continue in their friendly custody instead of going to jail. 2 Amer. & Eng.Enc.Law, 1. So, when bail is given for a defendant's appearance at court, the sureties on the bail bond become bailees or custodians of the person of their principal, and they, at any time, before default against them is fixed, may surrender their principal in full discharge of their obligation for his appearance at court. This is a common-law right, older than and independent of our statute on the subject. 1 Tidd, Pr. 281, 282; 2 Amer. & Eng.Enc. Law, 25; 1 Bish.Crim.Proc. § 250.
Interpretating the Alabama statute, the Court concluded:
They (the bondsmen) delivered the defendant to the sheriff, and the statute declares that they thereby exonerated themselves. This leaves us without discretion.
In 8 C.J.S. Bail § 87a (1938) it is stated:
Except in a case of estoppel, the effect of a valid surrender of the principal by his sureties on a bond or recognizance is to relieve them from further liability on such instrument, and in such case an exoneration of the bail is mandatory.
* * * * * *
Ordinarily, the surrender of the principal, to be effectual as an exoneration of the sureties, should be made before their liability on the bond or recognizance has become fixed and is a matter of record. * * * Nevertheless, where the statutes permit tardy production of the principal within certain limits after forfeiture, or after breach but before forfeiture of the bond, the sureties can discharge themselves by arrest of their principal subsequent to the time originally set for performance of the bond. (Emphasis added).
In Fortney v. Commonwealth, 140 Ky. 545, 131 S.W. 383 (1910) the Court stated:
The purpose of requiring bail bonds is not to enrich the treasury, but to secure the administration of justice. The purpose of the statute in allowing a remission of the whole or a part of the sum specified in the bond, where the defendant is surrendered or arrested before judgment is entered against the bail, is to secure the defendant's being arrested and brought to justice. The bail has this means of protecting himself, and an incentive is offered to him to secure the arrest of the defendant. Thus justice is not defeated by the criminal's flight, and, while the trial may be delayed, the criminal does not escape.
The primary object of the law is to punish the criminal. The bond is allowed to be given for the convenience of a person not yet proved to be guilty, and to protect the state against the expense of keeping such persons in jail. When the criminal has been arrested promptly, as in this case, it would entirely defeat the purpose of the statute *791 if no part of the penalty of the bail bond is remitted; for, if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice, and it was this that the statute was aimed to secure.
Appellee relies in considerable part upon Nix v. State, 213 So.2d 554 (Miss. 1968).
The opening paragraph of the opinion in Nix states "This appeal is from a judgment * * * refusing to set aside a final judgment of forfeiture on a bail bond * * *".
The next paragraph makes it clear that the default was not made good before such final judgment had been entered in due course, as provided by statute. For this obvious reason, Nix is not controlling here.
The subject is discussed in Annot., 84 A.L.R. 420 (1933). At page 431 of the annotation appears the following:
Both at common law and by all the statutes on the subject, when a bail bond or recognizance has been forfeited, the surrender of the principal by his bail, or his voluntary appearance and submission to the jurisdiction of the court, is a ground for remission of the forfeiture. (Citing authorities).
At page 434 there is a statement of the rule which applies when bail surrenders the principal "before final judgment."
Some of the statutes on the subject prescribe as a condition of relief, that the production or surrender of the principal be before final judgment on the bond. Some of such statutes, in the event that other minor requirements, such as the payment of costs, are met, give an absolute right to relief of the bail, on production or surrender of the principal before final judgment, and leave no discretion in the court. (Citing authorities).
It was not shown that the State's case against Thogmartin was prejudiced by the delay following default from the February, 1968 term to the August, 1968 term, when he was surrendered in open court. Nor do we reach the question, under the circumstances reflected by the present record, as to the liability of the sureties for expenses and costs actually incurred by the State as a result of the principal's default, as it is neither shown nor suggested that any such expenses or costs were incurred on that account.
Since the judgment appealed from must be reversed for the reasons stated it is unnecessary to consider other questions raised on appeal.
The judgments appealed from are reversed and judgments entered here for the appellants.
Reversed and judgment here for appellants.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.