No. 46,446

STATE OF KANSAS, *Appellee,* v. MIDLAND INSURANCE COMPANY, *Defendant-Appellant,* and LOUIS JONES, a/k/a WALTER ALLEN, *Defendant.*

(494 P. 2d 1228)

Opinion filed March 4, 1972.

*Fred A. Beaty,* of the firm of Beaty, Hodge and Hood, of Wichita, argued the cause, and *Ray Hodge,* of the same firm, was with him on the brief for the defendant-appellant.

*Porter K. Brown,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, *Albert D. Keil* and *Donald E. Hyde,* Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an action by the State of Kansas to recover judgment for breach of an appearance bond, or recognizance, given to secure the appearance of Louis Jones, Jr. in the Reno County District Court on January 25, 1971, to stand trial on charges of aggravated robbery. Judgment was entered against the surety, Midland Insurance Company, for the face amount of the bond and that company has appealed. For convenience we shall refer to the parties as the state on the one hand and Midland, or defendant on the other.

Mr. Jones was originally scheduled for trial at 9:00 a. m., January 6, 1971, and a jury was present in court at that time. He did not show at that time, however, and the jury was dismissed. An appearance bond in the amount of $1000 was declared forfeited at that time. Thirty minutes thereafter the defendant showed up and explained his tardiness as having been caused by car trouble coming from Wichita. The trial judge, who may have had similar experiences, proved to be understanding and set the forfeiture aside. However, the bond was raised to $5000 and the case was reset for January 25, 1971.

The defendant failed to show up on January 25 and the trial court again declared a forfeiture and again excused the jury from further attendance. On the same date the state filed a motion for judgment and notice was given, addressed to Midland, that the motion would be heard at 9:00 a. m., February 12, 1971.

On the 10th day of February, 1971, Midland filed its motion to set aside the forfeiture pursuant to K. S. A. 1971 Supp. 22-2807 (2) alleging that, at its own expense, it had re-delivered the defendant to the sheriff of Reno County pursuant to K. S. A. 1971 Supp. 22-2808-2809 and that defendant's absence did not occur with the surety's knowledge, consent or connivance. Midland also offered to pay all actual costs suffered by reason of the defendant's absence from court on the day appointed for his appearance.

Both motions were heard on February 12—the state's motion for judgment and Midland's motion to set the forfeiture aside. No evidence was introduced by either protagonist but counsel for both apparently submitted oral argument. At the conclusion of the hearing the court overruled Midland's motion to set the forfeiture aside and entered judgment in favor of the state.

We were advised upon oral argument of this appeal that Mr. Jones was subsequently convicted of the charge against him and

the record indicates he was sentenced to the Kansas State Industrial Reformatory.

The present statute with respect to the forfeiture of an appearance bond is K. S. A. 1971 Supp. 22-2807. Paragraph (1) of this statute recites that if there is a breach of condition of an appearance bond the court in which the bond is deposited shall declare a forfeiture of the bail. Paragraph (2) provides that the court may direct that a forfeiture be set aside upon such conditions as it may impose, if it appears justice does not require enforcement of the forfeiture. Paragraph (3) provides, so far as material to this case, that where a forfeiture has not been set aside the court shall, on motion, enter judgment of default and execution may issue thereon; that by entering into the bond the obligors submit to the jurisdiction of any court having jurisdiction to enter default judgment and irrevocably appoint the clerk of that court as their agent upon whom papers affecting their liability may be served; that liability may be enforced on motion without the necessity of an independent action; that the motion and notice thereof may be served on the clerk of the court who shall forthwith mail copies to the obligors at their last known addresses; and that no default judgment shall be entered against the obligor until more than 10 days after notice is served as provided in this section. Subparagraph (4) provides that after entry of judgment the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this section.

This statute was enacted in 1970 as part of the new Code of Criminal Procedure and has not previously appeared before us for construction.

The defendant appears to contend that where the surety on an appearance bond has arrested and surrendered its principal to a custodial officer of the court at its own expense, as authorized in K. S. A. 1971 Supp. 22-2809, and has paid or offered to pay all costs incurred by the state resulting from the defendant's nonappearance, that the surety is automatically entitled to be released from further liability on its undertaking and that he should be exonerated as provided by K. S. A. 1971 Supp. 22-2808. On the other hand the state maintains that before a forfeiture may be set aside and the surety exonerated, a satisfactory excuse must be presented for the principal's failure to comply with the conditions of the bond.

As we view our recent statute, K. S. A. 1971 Supp. 22-2807, the

question of whether or not the forfeiture of a bond should be set aside is a matter resting solely within the sound judicial discretion of the trial court. In this respect it differs from the former statute, K. S. A. 62-1221, which provided that at any time before final judgment the bail might surrender his principal in open court and upon paying all costs and *presenting a satisfactory excuse for failure of his principal to comply with the conditions of the bond* might then be discharged from further liability. Under the former statute, the surety was exonerated only if he presented a satisfactory excuse. (*State v. Way*, 76 Kan. 928, 937, 93 Pac. 159.) On the other hand, we upheld the order of the trial court setting aside a forfeiture upon payment of costs where a reasonable excuse was presented, and where the principal's absence did not occur with the consent, knowledge or connivance of the surety and where the principal had been surrendered. (*State v. Williford*, 104 Kan. 221, 178 Pac. 612.)

We believe the question confronting us under the present statute is simply whether the trial court abused its discretion in refusing to set the order of forfeiture aside. The discretion to be exercised is a judicial one and is subject to review when exercised arbitrarily or unreasonably either for or against the surety. (*State v. Wynne*, 356 Mo. 1095, 204 S. W. 2d 927.)

Before addressing ourselves to the specific facts of this case a few observations of a general character may be helpful. The primary purpose of bail is not to beef up public revenues or to punish the bail, or surety. (*State v. Wynne*, supra.) Rather it is to permit a person accused of crime, but whose guilt has not been established, to remain at large pending trial while ensuring so far as possible, that he will be present in court to meet the charges directed against him. (*In re Application of Shetsky for Return of Bail Money*, 239 Minn. 463, 60 N. W. 2d 40.) This concept is expressed in *United States v. Lee*, 170 Fed. 613, 614:

". . . The purpose of a recognizance is not to enrich the treasury, but to serve the convenience of the party accused but not convicted, without interfering with or defeating the administration of justice. . . ."

Upon entering into a recognizance the defendant, as principal, is in effect released to the surety and is so far placed in the hands of the latter that he may be taken into custody by the surety and surrendered to the court. (K. S. A. 1971 Supp. 22-2809; *Craig v. Commonwealth*, 228 Ky. 157, 155 S. W. 2d 768.) Thus justice is sought to be afforded both to the accused and to the state.

As a general rule a statute which authorizes the court to set a forfeiture aside or to remit a part or the whole of a penalty where the principal surrenders or is produced by the surety, entrusts the granting of relief to the sound discretion of the court. (Anno., 84 A. L. R., Bail—Forfeiture—Relief From, § IIb., p. 424.) Such we believe to be the import of K. S. A. 1971 Supp. 22-2807 which follows exactly the wording of Rule 46 (f) (2), Federal Rules of Criminal Procedure. Few federal cases have been found construing the federal rule in this regard. However, both *United States v. Public Service Mututal Insurance Co.,* 282 F. 2d 771, and *Carolina Cas. Ins. Co. v. U. S.,* 283 F. 2d 248, indicate that the matter of entering judgment lies within the sound discretion of the court. In the *Carolina Casualty* case the court said:

"If justice does not require the enforcement of a forfeiture it may be set aside or remitted. . . ." (p. 249.)

Matters which should be given consideration in exercising the discretion contemplated in 22-2807 (2) include the timeliness of the surety's action in surrendering the principal; whether the prosecution has been placed at a disadvantage by reason of the default; whether there was connivance on the part of the surety contributing to default; and whether the principal's default was with the surety's knowledge and consent.

The state lays great emphasis on the failure of the surety to present a satisfactory excuse for the defendant's failure to appear. But, as we have already pointed out, 22-2807 (2) does not require that sort of a showing. In this respect it is identical with Federal Rule 46 (f) (2). In 8 Am. Jur. 2d, Bail and Recognizance, § 170, p. 876, the text recites:

"The Federal Rules of Criminal Procedure changed the rule that a District Court had no power to remit any part of the forfeiture of a bail bond where the default on the part of a defendant was willful, and granted such court the right to set aside a forfeiture if it appeared that justice will not require enforcement."

See, also, *United States v. Davis,* 202 F. 2d 621, 624; 3 Wright, Federal Practice and Procedure, Criminal, § 777, Release on Bail—Remission of Forfeiture, pp. 293-296.

We believe it important that an additional consideration be kept in mind when application is made to set aside a forfeiture prior to judgment. At least one of the purposes which may be served by a provision permitting a forfeiture to be set aside must

surely be to encourage the surety to locate, arrest and bring a defaulting defendant to the bar of justice. There would be small incentive for the surety to run down and return its principal at its own expense if no part of the penalty of the bond could be remitted under equitable conditions. (*Hicks v. Commonwealth*, 265 Ky. 123, 95 S. W. 2d 1076; *Fortney v. Commonwealth*, 140 Ky. 545, 131 S. W. 383.)

Turning to the case at hand, the appearance bond was declared forfeited January 25, 1971, and the defendant was surrendered to the sheriff just four days later, on January 29, 1971. No disadvantage can be said to have resulted to the prosecution inasmuch as the defendant was convicted and delivered to the Kansas State Industrial Reformatory. Whatever expense the state may have incurred as a result of the defendant's default are not disclosed in the record, but the surety has proffered payment of the costs which the state had incurred, among which we assume Midland intended to include such matters as added jury expense, witness fees and sheriff's costs. In its motion to set aside the forfeiture, the surety alleged that the defendant's absence or default did not occur with its knowledge, consent or connivance. We do not find this allegation disputed anywhere in the record, nor did the state attempt any denial when it argued the case before us. We therefore accept the assertion at face value.

We have not overlooked the rule that an appellate court should not substitute its discretion for that of the trial court but that its function is to determine whether discretion has been abused. It is in this context that we have reluctantly reached the conclusion that the trial court failed to exercise its discretion judiciously and wisely.

The sole reason offered by the court in overruling Midland's motion to set the forfeiture aside was the terse statement that on two occasions the defendant failed to appear and on both occasions counsel appeared. Under the confronting facts and circumstances of this case, that reason in itself can hardly be said to comprise a judicious approach to the problem, especially since the defendant's first default was of 30 minutes duration and was attributable to car trouble—an excuse which the court accepted.

We believe it is significant that under the terms of 22-2807 (3) no judgment by default may be entered against the surety until more than 10 days after notice has been served as provided by the

act. This provision is not found in Federal Rule 46 or in many state statutes bearing on the subject. It must have been included in our statute for a purpose. We believe the reason for its inclusion was to give the surety an opportunity to locate and surrender a defaulting principal within the 10 day period and to request that the forfeiture be set aside on terms which are just and fair. This construction accords with what we deem to be the general tenor of the act: Before judgment, a forfeiture may be set aside upon equitable conditions where justice does not require its enforcement and even after judgment is entered a remission in whole or in part may be granted on like conditions.

The judgment below is set aside with directions that the forfeiture be set aside upon such equitable terms as the court shall impose, agreeably to the views expressed in this opinion.