JOHN T. J. WILSON AND JAMES M. CLELAND, APPELLANTS, vs. LUKE LOTT IN HIS OWN RIGHT, AND AS EXECUTOR OF MARY THOMAS, DECEASED.

Where the term of a Court is adjourned, after the day appointed for its commencement, to another day, it is but a prolongation of the term; but when the term is postponed by an adjournment *before* its commencement, and in anticipation of the appointed time, to another day, the return thereof is adjourned; and those things which were appointed to be done on the first day of term, are postponed and adjourned also to the deferred time: Therefore, the term of this Court appointed by law for the 3d Monday of March, having been, by an order of the 18th February preceding, postponed and adjourned to Monday, the 11th day of July, the transcript of the record in this cause filed on the last named day, was filed in due time.

Motion to docket the cause for argument at the present term. The point presented is set forth in the opinion of the Court.

*Woodward* and *M. A. Long* for the motion.

*Campbell* and *Hawkins* against it.

THOMPSON, J. :

The appeal in this case appears to have been duly entered in open Court, at the last fall session of the Circuit Court for the Western Circuit sitting in the county of Jackson ; the transcript of the record however, was not filed in the Clerk's office of this Court until Monday last, the 11th of July instant, being the first day of this term, held pursuant to the postponement and adjournment ordered on the 18th day of February last, by an order made during the sittings at Tallahassee.

The counsel for the appellants now moves that the case

be docketed, and heard at the present term of the Court, which motion is resisted by the counsel for the respondents, who contend that the case should be dismissed for want of prosecution, the transcript of the record not having been filed " on or before the first day of the term next succeeding" the allowance and entry of the appeal, as prescribed by § 4 of the Act of February 10, 1832, (Thomp. Dig., 448.)

The term of this Court next succeeding the entry of the appeal in this case would have been on the 3d Monday of March last, but as the said term could not be held consistently with a due regard to the public service, it was postponed and adjourned over until the 2d Monday of the present month of July, and on this day the appellant brought in and filed the transcript of the record.

It is contended on behalf of the respondents that this should have been done on the 21st March, the time appointed by the statute for holding the term of Court at this place. And this brings us to the question of the effect of the adjournment of the term.

An adjournment is defined in Jacob's Law Dictionary to be " a putting off until another time and place," which definition is in conformity with the meaning of the term as it is used in ordinary and common parlance, according to Dr. Johnson, and other lexicographers. The term then which was appointed to be held the 3d Monday of March having been put off until another time, namely, the second Monday of July thereafter, it would seem to result as a necessary consequence that the things which were to have been done, and which would have been done at the first named time, must necessarily be postponed with the term to the deferred time. Writs of error, citations and other process which had been issued returnable to the first named day, would be returnable at the time specified in and by the

adjournment, because the return day was adjourned and postponed. And this view is supported by authority.

It is laid down in Comyn Ab., tit. Adjournment, (A. 3,) that "where the return itself is adjourned, nothing can be done upon the same return; as if the term be adjourned in *octabis mich. usque mens. mich.*, there can be no appearance upon *oct. mich.*, for that was adjourned," and citing 1 Roll., 130, 633, 4 Ed., 4, 21, a.; and again it is laid down, "So every thing to be done at a return which was adjourned, shall be done at the day to which the adjournment was; as if a bond be to appear *oct. mich.* before which, the term is adjourned to another place and day, an appearance there is sufficient." Comyn Dig., tit. Adjournment, (A.3,) citing Mo., 430, Cro. Eliz., 466.

Upon authority as well as reason, it would seem that the transcript of the record filed on the day to which the term was adjourned, was filed in due time.

There is an obvious distinction between the adjournment of the Court on the first or any subsequent day of the term, and the adjournment of the term in anticipation of the appointed time, to another day; in the first place, the term has actually commenced, and the effect of the adjournment is but a prolongation of the term—in the latter case the term being postponed by adjournment before it commences, the return day thereof is also adjourned, and it takes its beginning from the time to which it is adjourned.

*Per totam curiam.* Let the case be docketed and stand for argument at this term.