## William H. Bush *vs.* John Doy.

The term of a court is the time prescribed for holding it, and not the time the court sits transacting business. Though the judge may not be present on the day fixed by law for the commencement of the term, yet it is the first day of the term.

Where there are two entries of record required by law to be made of the same matter, and the record shows a discrepancy, the Supreme Court will presume the order of the Court below, determining which was the correct entry, to be regular.

The law does not require a justice of the peace to file the transcript in an appeal from his court, with the clerk of the appellate court. In doing so he acts as agent of the appellant and not as an officer.

If, under the law, it was in the power of the Court to extend the time for filing the transcript, the fact that the justice neglected to file it in due time after agreeing to do so, does not make a case sufficient to compel it to do so in the exercise of a sound discretion.

Petition in error founded on proceedings had in the District Court, county of Douglas, at the October term thereof, 1859. John Doy, defendant in error, obtained a judgment before E. D. Ladd, Esq., Justice of the Peace in said county, against Wm. H. Bush, plaintiff in error; wherupon Bush filed, in due

time, the proper bond for appealing from said judgment to said district court. The said October term of the district court was the appeal term, and by statute, commenced on the 17th day of the month. The Judge was not present until the 18th. Previous to this, Bush made an arrangement with the justice by which the latter was to send up the transcript and papers in the case in due season, to the clerk of the District Court. The record of the case showed the following entry on October 18th, 1859: "John Doy *vs.* Wm. H. Bush: Appeal. Transcript and appeal papers filed." The transcript. itself was indorsed, "Filed this 19th day of October, 1859." On that day Doy entered notice of motion to dismiss the appeal on the grounds that appellant had not filed the transcript on or before the second day of the term, as required by law. On the 29th day of October this motion came on to be heard and was sustained by the Court, to which ruling of the Court the plaintiff in error excepted and brought the case to this Court.

*James Christian,* for plainiiff in error.

*Wilson Shannon,* for defendant in error, submitted:

The right of a party to appeal is entirely statutory, and the statute must be fully complied with in order to secure the right. By the statutes of 1859 (*p.* 523, § 103,) the right to appeal in a case like this is given. Sections one hundred and four and one hundred and five of the justices' act points out the conditions that the appellant must comply with in order to perfect his appeal. First, He must give an undertaking to be approved of by the justice. The justice is required to make out a certified transcript of his proceedings, including the undertaking for such appeal, and shall, *on demand,* deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the Court to which such appeal may be taken, on or before the second day of the term thereof next following such appeal.

The justice shall, also, deliver or transmit the bill or bills of particulars, the depositions and all other original papers, if any, used on the trial before him, to said clerk, on or before the said second day of the term, &c.   By these sections the duties of the justice are clearly pointed out and specified, as well as the duty of the appellant.   It is no part of the duty of the justice to file the transcript.   He is to make it out and attach his certificate and deliver it to the appellant or his agent, on demand, and the appellant is required to file it on or before the second day of the term.   The appellant may or may not file it.   He may not desire to prosecute his appeal, and if so he does not file this transcript on or before the second day of the term.   The office papers in the case the justice is required to file.   Both parties have an interest in these papers, and the justice is made the custodian of them. They are not permitted to go out of his possession until deposited with the clerk.

Our statute is, word for word, the same as that of the State of Ohio on this subject, from which it was taken.   The question presented by the record in this case has been decided by the Supreme Court of Ohio in the case of *Torbet vs. Coffin,* 6 *Ohio R.* 33, 34; 5 *Ohio* 276; 4 *Ohio* 190, 191; 2 *Ohio* 254; *Sedwick on Statutory Construction* 322; 4 *Cranch* 237 *and notes to* 1*st Con. R. p.* 260.

The right of a party to appeal is lost by omitting or neglecting to perform any of the conditions, and the appellate jurisdiction of the Court altogether ceases over the case.

The appellant, to obviate the difficulty introduced, endeavored, in the Court below, to prove that Esquire Ladd had agreed to deliver the transcript to the clerk in due time. This does not in the least help the case.   If the appellant employed an *agent* to file the transcript, which he had a right to do, and that agent neglected to do so, the neglect of the agent is the neglect of the principal, and the appellant is

in no better condition than if he had never employed an agent.

The Court below, therefore, was clearly right in dismissing the appeal at the cost of the appellant.

By the Court, EWING, C. J. The term of a Court is the time prescribed for holding it, and not the time the Court sits transacting business. The 17th day of October, 1859, was fixed by law for the commencement of a term of the District Court for the second judicial district, in Douglas county. Though the Judge was not present on that day, it was the first day of the term. (*See Code*, § 605.)

The transcript and appeal bond should have been filed on or before the 18th, being the second day of the term. There is a docket entry of the filing of the "transcript and appeal papers" on the 18th; but on the transcript is an indorsement by the clerk, "filed October 19th, 1859." If it was filed October 19th, as appears by the indorsement, the Court did right in dismissing the appeal; but if filed October 18th, as shown by the docket entry, it erred. Both entries are made in pursuance of express statutory provisions, and are equally of the record. The presumption is in favor of the regularity of the order of the District Court, and therefore the date indorsed on the transcript is to be taken as correct.

It is claimed that as the justice of the peace agreed to file the transcript, the appellant, who relied on his promise, should not lose his right of appeal by the neglect. The law did not require the justice to file that paper, and in doing so, he acted as agent of the appellant, and not as an officer.

If, under the provisions of the act of February 8th, 1859, regulating appeals from justices of the peace, it was in the power of the Court to extend the time for filing the transcript, still the cause shown was not such as to compel it to do so in the exercise of a sound discretion.

Ordered by the Court, that the order dismissing the appeal be affirmed and judgment here against plaintiff in error for costs of execution awarded thereon.