JAMES D. PARROTT ET AL., APPELLEES, V. LETTIE M. WOL-
COTT, APPELLANT.

FILED JANUARY 18, 1906. No. 14,016.

Judgment Lien. Where a district judge by written order in vaca-
tion adjourned the "October term" of the district court, which was
set for October 21, to the 11th day of November, which order was
entered upon the journal, but no other proceedings had, the day
to which the court was adjourned, being the first day upon which
the judge was present and the court ready to transact business,
was "the first day of the term" as applicable to the lien of judg-
ments rendered during the term.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John N. Dryden* and *Lewis P. Main,* for appellant.

*N. P. McDonald* and *Edwin E. Squires, contra.*

LETTON, C.

On the 18th day of November, 1895, a confirmation of
sale was had in a foreclosure proceeding in Buffalo
county, and a deficiency judgment rendered. The terms
of the district court for that county had been fixed by the
district judge upon the 1st day of January, in accordance
with the statute, and the 21st day of October, 1895, had
been designated as the day upon which the fall term of
court should convene. On the 14th day of October, 1895,
the judge of said court in chambers made the following
order: "Pursuant to the annexed request, the October term
of the district court of Buffalo county, Nebraska, is ad-
journed until the 11th day of November, 1895, at 9 o'clock,
A. M." This order was recorded in the journal of the
district court, but no adjournment was made by the clerk.
The first day of the sitting of the court at the term at which
the judgment was rendered was upon November 11, the
day to which the term was adjourned.

The controversy in this case is as to whether or not the lien of the judgment, which was rendered on November 18, 1895, related back to October 21, the day originally fixed as the "first day of the term," or to November 11, the day to which the term was adjourned, and upon which the first session of the court was had.

From a consideration of sections 25, 29, 30, 31, 33 and 42, chapter 19, Compiled Statutes 1903 (Ann. St. 4735, 4739, 4740, 4741, 4743, 4753), which are the sections governing the matter, it will be observed that the exercise of the power to fix the times at which court shall be held in the respective counties of his district is within the discretion of the district judge. At the beginning of the year he fixes the dates for the regular terms. If he is sick, or for any other cause which seems to him sufficient he is unable to attend court at the regularly appointed time, he may by written order direct an adjournment to a particular day therein specified, and it is directed that the clerk shall on the first day of the term, or as soon thereafter as he receives the order, adjourn the court as therein directed. If the judge does not appear on the day originally appointed for holding court, the clerk may adjourn the court until the next day, and so on until the fourth day, and if he does not appear upon the fourth day the court stands adjourned until the next regular term.

At the common law, judgments between subjects related back to the first day of the term in which they were rendered as respected the lands of the debtor, and the statute of this state (code, sec. 477), providing that lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered, is declaratory of the common law. In *Skipwith v. Cunningham,* 8 Leigh (Va.), 271, the facts were that the date fixed by law for the beginning of the October term of the superior court at Petersburgh was October 15, but the judge did not actually attend the court before the 17th. A trust deed had been executed on the 15th day of October, and the

question presented was whether or not the lien of a judg-. ment rendered during the term took priority of the trust deed. The court of appeals of Virginia held that the judgment only related back to the 17th day of October, being the date on which the judge actually opened court, and that this was the first day of the term. Another case in point is *Wilson v. Lott,* 5 Fla. 302, where the facts were that a term of court appointed by law for the 3d Monday in March was, by an order made on the 18th day of February preceding, adjourned to the 11th day of July. The court said:

"The term, then, which was appointed to be held the 3d Monday of March having been put off until another time, namely, the 2d Monday of July thereafter, it would seem to result as a necessary consequence that the things which were to have been done, and which would have been done at the first mentioned time, must necessarily be postponed with the term to the deferred time. Writs of error, citations and other process, which had been issued returnable to the first named day, would be returnable at the time specified in and by the adjournment, because the return day was adjourned and postponed"—citing "Comyn Ab., tit. Adjournment (A. 3)." See also *Smith v. State,* 4 Neb. 285.

The supreme court of Ohio, however, in *Davis v. Messenger,* 17 Ohio St. 231, in passing upon the question as to whether the lien of a judgment which attached from 10 o'clock A. M. on the first day of the term of a court was prior to that of a mortgage delivered for record at 11 o'clock A. M. on the same day, say *arguendo:* "There may be no session of the court on the first day of the term, by reason of the absence of the judge, * * * still, a judgment rendered on a subsequent day of the term would become a lien on the judgment debtor's land from the first day of the term, in virtue of the positive provisions of the statute."

And in a case where the question arose as to the proper time to file a transcript in an appeal from a justice of the

peace, the supreme court of Kansas held that the time fixed by law for the commencement of a term of the district court was the first day of the term, even if the judge was not present on that day. *Bush v. Doy,* 1 Kan. 86. So also, in North Carolina, where the judge failed to appear during the first week of the term but appeared upon Monday of the second week, he having directed an adjournment to that day, the term was held to begin at the original date fixed, but this was because, as said in the opinion, "the constitution fixes a term two weeks and ordains what shall be the first day of the term."

There is a clear distinction between "the adjournment of the court" and "the adjournment of the term." A court is defined by Webster as, "The persons officially assembled under authority of law, at the appropriate time and place, for the administration of justice; an official assembly, legally met together for the transaction of judicial business; a judge or judges sitting for the hearing or trial of causes." While the word "term" is defined as, "The time in which a court is held or is open for the trial of causes." This is Bouvier's definition also. In Black, Law Dictionary, it is said: "The word 'term' when used with reference to a court, signifies the space of time during which the court holds a session. A *session* signifies the time during the term when the court sits for the transaction of business"—citing *Lipari v. State,* 19 Tex. App. 433. The case is different from one wherein, after a term of court had been begun by the sitting of the court, the sessions are adjourned until some future time. In such case the term begins when the court sits at the appointed time, and any adjournment or postponement of the court is merely a continuation of the original term. *Green v. Morse,* 57 Neb. 391.

Where, as in this case, before the arrival of the day set upon which the term is to begin, the whole term is postponed to a future date, and upon the day originally fixed as the first day of the term no judicial business is transacted, and if any adjournment is made it is made by the

clerk in a merely ministerial capacity, the term does not actually begin, and, while the adjourned term is the same term of court, the first day of the term is the day when the judge is present and ready to transact the business of the term. So with persons recognized to appear before the court, if they appear upon the first day that court is actually in session, even though it is not the first day of the term as originally fixed, could it be said that they were in default, so that their recognizance would be forfeited? This has been decided to the contrary in *Bartling v. State*, 67 Neb. 637, 643.. This is consistent with the case of *Smith v. State*, 4 Neb. 285, wherein it is held that, where the judge before the day the term was fixed to begin adjourned the court until a day several months later, it was still the same term. To hold that the "first day of the term," as applying to the lien of judgments rendered during the term upon lands of the debtor, means the first day of the term as originally fixed, regardless of the length of time to which the original term might be adjourned or postponed, and during which intervening period the property might pass through the hands of a number of unsuspecting purchasers, might easily be productive of great wrong and injustice, and we do not feel compelled to adopt such a construction. Even as the law now stands, cases of great hardship, such as that of *Hoagland v. Green*, 54 Neb. 164, may arise, and the fact that such conditions may occur is no doubt what impelled the English parliament to modify the common law rule by the adoption of the statute of 29 Charles II, c. 3, which provides that the judgment does not bind lands in the hands of *bona fide* purchasers from the first day of the term, but only from the day of actually signing the same.

The judgment of the district court should be affirmed.

AMES and OLDHAM, CC.; concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.