HICKEY *v.* STATE.

Opinion delivered October 31, 1921.

BAIL—RELIEF FROM FORFEITURE.—Under Crawford & Moses' Digest § 2974, providing that "if, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at. its discretion, remit the whole or part of the sum specified in

the bail bond," a discretion is lodged in the trial court to determine whether or not the sum mentioned in the bond, or any part thereof, shall be remitted, and, while this discretion should be fairly exercised upon the facts of a given case, the mere fact that the principal in the bond has been surrendered into custody by the bail does not entitle the bail, as matter of right, to a remission of the penalty of the bond.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John Brizzolara,* Judge; affirmed.

*James Seaborn Holt,* for appellant.

The court erred in refusing to set aside the forfeiture on the bond, and thereby abused its discretion granted under the act. Crawford & Moses' Digest, Sec. 2974; 3 Amer. & Eng. Ency. of Law, (2nd Ed.) p. 724; 176 Fed. 672; 20 A. & E. Ann. Cas. p. 1255; 9 A. & E. Ency. of Law, (2nd Ed.) p. 473.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The decision of the trial court upon the facts is, in legal effect, the equivalent of the verdict of a jury and is not subject to review upon this appeal. 48 S. E. 604; 59 Southern 718.

The forfeiture of the bail bond was strictly within the provisions of the statute; and there was no abuse of discretion. Crawford & Moses' Digest, § 2974; 25 Ark. 315; 3 R. C. L. p. 65.

The power of the court to declare a forfeiture is not questioned.

McCulloch, C. J. Appellant became bail for one Hagan, who was under indictment in the circuit court of Sebastian County, Fort Smith District, on the charge of felony, and when the principal failed to appear the court declared a forfeiture on the bond. Thereafter, during the term, the principal was taken into custody through the efforts of appellant and lodged in jail awaiting trial under the indictment.

This is a summary proceeding on the bond, and appellant pleads the right of discharge from liability on the ground that he was not at fault and was instru-

mental in returning the principal to custody after the forfeiture. A statute on this subject reads as follows:

"If, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail-bond." Crawford & Moses' Digest, § 2974.

The answer of appellant contains the following:

"That, immediately upon learning that the defendant, Verda Hagan, had not appeared at the date set for her trial, this defendant immediately endeavored to locate her, and finally did locate her in the city of San Antonio, in the State of Texas, at a cost to himself of $175, and returned her from said city to the city of Fort Smith, where he delivered and surrendered her to the jailer of Sebastian County for the Fort Smith District, on the 31st day of March, 1920, and during the same term of court at which her case was set for trial, and that she has remained in jail ever since said date; that two terms of this court have intervened since March, 1920, and that no trial has been had."

The matter was heard by the court upon the pleadings, without introduction of testimony, and the court proceeded to render judgment against appellant for the amount of the bond.

It is conceded that under the statute it is a matter of discretion with the court whether or not the penalty of the bond, or any part thereof, shall be remitted, but the contention is that, on the facts recited in the answer, the refusal of the court to remit any part of the bond constituted an abuse of discretion. The statute plainly lodges a discretion in the trial court to determine whether or not the sum mentioned in the bond, or any part thereof, shall be remitted, and this discretion should be fairly exercised upon the facts of a given case. The mere fact that the principal in the bond has been surrendered into custody by the bail does not entitle the bail, as a matter of right, to a remission of the penalty of the bond. 6 Corpus Juris 1053.

The substance of the answer is nothing more than that appellant, at his own expense, returned the principal in the bond to custody, and, as before stated, this does not necessarily call for a remission of the penalty. It devolved upon appellant to establish facts to justify favorable action in the exercise of the discretion authorized by the statute, and, even if the facts set forth in the answer are accepted as true, that does not necessarily show an abuse of the court's discretion.

The judgment is affirmed.