CENTRAL CASUALTY COMPANY *v.* STATE.

5-2417                                                     346 S. W. 2d 193

Opinion delivered May 15, 1961.

*Claude B. Brinton* and *Bon McCourtney,* for appellant.

*J. Frank Holt,* Attorney General, by *Russell Morton,* Asst. Attorney General, for appellee.

GEORGE ROSE SMITH, J. Stockton Darneille, charged with burglary and grand larceny, was admitted to bail in the sum of $15,000 with the appellant as the surety on the bond. When the case was called for trial on November 21, 1960, Darneille failed to appear, and the court entered an order forfeiting the bond. After a hearing upon a motion to set aside the forfeiture the court remitted half the amount and rendered judgment for the remaining $7,500. The appellant now contends that the court abused its discretion in not remitting a greater portion of the forfeiture. (Darneille, we are told, died during the pendency of the appeal; the appellant elected to continue the matter alone, without asking for a revivor.)

Discretionary power to remit the forfeiture is conferred by Ark. Stats. 1947, § 43-729: "If, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail-bond." The court's discretion is not arbitrary; it should be fairly exercised upon the facts in the particular case. *Hickey* v. *State,* 150 Ark. 304, 234 S. W. 168. The Kentucky court, in construing an identical statute, pointed out that the court's power to remit the forfeiture is intended to provide the bail with an incentive for securing the arrest of the defendant. *Hicks* v. *Commonwealth,* 265 Ky. 123, 95 S. W. 2d 1076. It was said: "When the criminal has been arrested promptly, as in this case, it would entirely defeat the purpose of the statute if no part of the penalty of the bond is remitted; for, if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice." The court also observed that the whole amount of the bond might be remitted if the accused had a good excuse for being absent.

In the case at bar it is shown without dispute that Darneille's failure to appear for trial was not willful. He had attended a session of court on November 14, when the case was continued until the next Monday, November 21. During that week Darneille went to Seattle, Washington, where he maintained his residence. His return trip to Arkansas, by commercial airline, was arranged and paid for by the appellant. It was expected that Darneille would reach Jonesboro, the place of trial, at about midnight on Sunday, November 20. His flight was delayed by a blizzard, however, and he did not arrive at Jonesboro and surrender himself to the sheriff until about four o'clock on Monday afternoon, the day of trial. Earlier that day he had called his attorneys from Chicago and again from Memphis, to say that he was on his way.

The trial was to have begun at 9:30 on Monday morning. When the accused had not arrived by 11:35 the court ordered the bond forfeited but directed that the jury panel return at 1:30. When Darneille failed to arrive by then the court discharged the jury for the term and excused the witnesses. At the hearing upon the motion to set aside the forfeiture the testimony disclosed the facts that we have outlined. The trial court concluded that Darneille had not "completely exonerated himself from fault," in that he should not have risked the trip to Seattle at a time when inclement weather might be expected.

We think the court abused its discretion in rendering a judgment for $7,500 as the penalty for Darneille's having been late by a few hours. It is well settled that the giving of bail bonds is to be encouraged, not only because the accused is ordinarily entitled to his freedom before trial but also because the state is relieved of the expense of maintaining the prisoner until the case can be heard. As the court said in the *Hicks* case, *supra*: "The purpose of requiring bail bonds is not to enrich the treasury, but to secure the administration of justice."

Even though, as the trial court observed, Darneille did not completely excuse his delay in reaching Jones-

boro, his freedom from fault was nevertheless almost complete. He testified that he had traveled by air many times and that it is "very rare" that planes are delayed by weather conditions. There is no proof at all to the contrary. Darneille's good faith is fully confirmed by his having taken care to keep his attorneys informed of his whereabouts and by his having surrendered himself only a few hours after the case was to have been tried. In these circumstances the judgment against the bailsman should not have exceeded an amount sufficient to reimburse the county for its various costs such as jury expense, witness fees (some 25 or 30 witnesses had been summoned), and other costs that cannot be determined with certainty. We are of the opinion that a judgment for $750 is sufficient and proper in the case at bar. See the *Hicks* case, *supra; Abrams* v. *Commonwealth,* 254 Ky. 68, 70 S. W. 2d 983; *Nicholson* v. *State,* 132 Okla. 298, 270 P. 567.

With the indicated modification the judgment is affirmed.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice, dissenting. I dissent from the modification. The Trial Court was invested with broad discretion; and I do not find that such discretion was abused in arriving at the figure of $7,500.00 for the bond forfeiture. The facts in the case at bar are somewhat similar to those in *Hickey* v. *State,* 150 Ark. 304, 234 S. W. 168; and what was there said as to the discretion of the Circuit Court applies to the case at bar:

"It is conceded that under the statute it is a matter of discretion with the court whether or not the penalty of the bond, or any part thereof shall be remitted, but the contention is that, on the facts recited in the answer, the refusal of the court to remit any part of the bond constituted an abuse of discretion. The statute plainly lodges a discretion in the trial court to determine whether or not the sum mentioned in the bond, or any part thereof, shall be remitted, and this discretion should be fairly exercised upon the facts of a given case. The mere fact that the prin-

cipal in the bond has been surrendered into custody by the bail does not entitle the bail, as a matter of right, to a remission of the penalty of the bond. 6 Corpus Juris 1053.

"The substance of the answer is nothing more than that appellant, at his own expense, returned the principal in the bond to custody, and, as before stated, this does not necessarily call for a remission of the penalty. It devolved upon appellant to establish facts to justify favorable action in the exercise of the discretion authorized by the statute, and, even if the facts set forth in the answer are accepted as true, that does not necessarily show an abuse of the court's discretion."

There is also an annotation in 84 A.L.R. 420 entitled: "Right of bail to relief from forfeiture of bond or recognizance in event of subsequent surrender or production of principal"; and the Hickey case, and also cases from a score of other jurisdictions, are cited to sustain the rule:

"The statutes authorizing the court to remit the penalty of a forfeited bail bond or recognizance when the principal has been produced or has surrendered generally leave the matter of granting such relief to the sound discretion of the court."

In the case at bar, *this Court* is exercising its discretion instead of respecting the discretion exercised by the **Trial Court.**