CENTRAL CASUALTY Co. *v.* STATE.

5-2438                                    349 S. W. 2d 135

Opinion delivered September 18, 1961.

[Rehearing denied October 16, 1961.]

*Claude B. Brinton* and *Bon McCourtney,* for appellant.

*J. Frank Holt,* Attorney General, by *Russell Morton,* Asst. Attorney General, for appellee.

GEORGE ROSE SMITH, J.   Ted Paul Lavelle, charged with burglary and allied offenses, was admitted to bail upon giving bond in the sum of $15,000, with the appellant as his surety. Lavelle failed to appear for trial, and eventually a final judgment was entered against the appellant for the amount of the bond. In seeking a reversal of that judgment the appellant contends that

the court acted prematurely, in that the cause should not have been heard until the next term of court after the original order of forfeiture.

Lavelle's trial was at first set for November 14, 1960, which was the first day of the November term. See Ark. Stats. 1947, § 22-310. On that day the case was reset for the next Monday, November 21. When the accused failed to appear for trial on the latter date the court entered an order forfeiting the bond and directing the clerk to issue a summons against the surety. The summons was served upon the appellant on December 5, and on December 13 the clerk notified the appellant that the matter would be heard on December 29. On December 20 the appellant filed a motion to quash the proceedings and also an answer. In both pleadings it was contended that the matter ought not to be heard until the next term of court (which would begin April 17, 1961). At the hearing on December 29 the court overruled the appellant's plea, and since no other defense was offered a final judgment was entered.

In contending that the proceedings are premature the appellant relies upon certain sections of the Criminal Code of 1869, which we quote as they appeared in the Arkansas Statutes of 1947:

"§ 43-723. If the defendant fail to appear for trial . . . the court may direct the fact to be entered on the minutes, and thereupon the bail-bond . . . is forfeited.

"§ 43-724. If, before the final adjournment of the court, the defendant appears and satisfactorily excuses the failure, the court may discharge the forfeiture.

"§ 43-725. If the forfeiture is not discharged the prosecuting attorney for the circuit may, at any time after the adjournment of the court, proceed by action against the bail on their bond.

\* \* \* \* \*

"§ 43-727. No pleadings are required on the part of the State, but the clerk shall issue a summons against

the bail, requiring them to appear on the first day of the next term of the court, to show cause why judgment should not be rendered against them for the sum specified in the bail-bond. . . ."

By Act 390 of 1953 the section last quoted was amended to provide that the summons should be answerable within 20 days instead of on the first day of the next term of court.

The appellant's argument centers upon the language of §§ 43-724 and 43-725. The former section provides that the accused may appear and excuse his default "before the final adjournment of the court." The latter section provides that if the forfeiture is not discharged the prosecuting attorney may proceed upon the bond "at any time after the adjournment of the court." Reading the two sections together the appellant insists that the final adjournment of the court means the adjournment for the term, when the term lapses. It is accordingly argued that the prosecuting attorney cannot proceed against the bail until the term has lapsed. Upon that reasoning it is contended that the present proceedings were begun prematurely, because the fact that the court reconvened and heard this matter on December 29 proves that the term had not lapsed when the summons was issued against the appellant early in December.

The appellant's argument might have been tenable when the Criminal Code was adopted in 1869, but we are of the opinion that later statutory enactments have modified the original meaning of the "adjournment" of the court.

In 1869 the business of the courts in Arkansas was comparatively light. The usual practice then was for the court to convene upon the first day of each regular term, dispose of its business within a few days, and adjourn finally until the next scheduled term. Indeed, this practice was recognized by an act of December 13, 1838, which directed that each circuit court "continue in session, at each and every term thereof, until the business

therein pending is disposed of. . . ." Gould's Digest (1858), Ch. 47, § 3.

It will be seen that under the early procedure the practical effect of § 43-724 was to permit the defendant to appear and excuse his delinquency at any time during the session of court at the beginning of the regular term. At the end of that session the court would adjourn finally, and thereupon the prosecuting attorney was at liberty to begin proceedings against the bail. Thus the institution of the action against the surety would ordinarily be proper within a few days after the original order of forfeiture.

Of course the former practice no longer obtains. With an increased volume of litigation it is now customary for the courts to hold adjourned sessions from time to time during each term of court. In fact, since the passage of Act 202 of 1943 all the terms of circuit court have been continuous, for that act provided: "When any circuit court is duly convened for a regular term the same shall remain open for all criminal, civil, or special proceedings until its next regular term, and may be in session at any time the judge thereof may deem necessary." Ark. Stats., § 22-311.

Under the statute just quoted there is no longer any such thing as a final adjournment in the old sense, for the court remains open until the last instant of each regular term. In this situation the legislative intention of the Criminal Code can best be given effect by taking the "adjournment" to refer to an adjournment of the session rather than of the term. This is an accepted meaning of the word adjournment. *Parrott* v. *Wolcott*, 75 Neb. 530, 106 N. W. 607. When the statute is so construed the defendant and his bail have substantially the same rights as they had originally under the Criminal Code. That is, the defendant may appear and excuse his delinquency during the current session of court, and if he fails to do so the prosecuting attorney may then proceed upon the bond. The bondsman, just as in the past, has a reasonable time in which to produce the

defendant. This is so because the summons need not be answered for 20 days, and the statute provides that at any time before judgment is entered against the bail the court may remit the whole or any part of the forfeiture. Ark. Stats., § 43-729.

We conclude that the proceedings were not premature, since they were instituted after the adjournment of the session of court at which the order of forfeiture was entered. We find no merit in the appellant's suggestion that the bail bond was not before the court when the matter was heard on December 29, for the judgment recites that the cause was heard upon the pleadings, the bail bond, and other matters.

Affirmed.