HOOD *v.* STATE.

5-2466                                     356 S. W. 2d 28

Opinion delivered March 26, 1962.

[Rehearing denied April 30, 1962.]

*Norton & Norton,* for appellant.

*Frank Holt,* Attorney General, by *Russell Morton,* Asst. Attorney General, for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from a bond forfeiture in a criminal case. The appellant, Ted Hood, is a professional bondsman with his office in Little Rock. In January, 1958, one Johnny Puckett was arrested in St. Francis County on the charges of forgery and uttering. Hood made his bail bond in the sum of $2,000.00. The case was set to be tried on February 24, 1958 in the St. Francis Circuit Court at Forrest City.

On February 18, 1958, Puckett was admitted to the State Hospital for Mental Diseases at Little Rock as a voluntary patient on authority of Act 411 of 1955, Ark. Stats. 83-713. Hood was notified that Puckett was in the hospital and Hood's wife, who acts as his secretary, phoned the Clerk of the St. Francis Circuit Court and notified him that Puckett was in the hospital. Pursuant to Mrs. Hood's conversation with the Clerk, who is now dead, Hood obtained from the hospital authorities a certificate showing Puckett was in that institution. The certificate is as follows: "This is to certify that Johnny D. Puckett was admitted to the State Hospital on February 18, 1958, on a voluntary commitment under the provisions of Act No. 411 and at the present time is still a patient in this hospital. /s/ M. T. McMurry, Assistant registrar, For the Superintendent." Hood sent the certificate to the Clerk of the Court who referred the matter to Mr. Fletcher Long, Deputy Prosecuting Attorney. On February 20, 1958, Long wrote to Hood as follows: "Your letter and enclosure, mailed to Mr. T. E. Christopher, Clerk, has been referred to me. You are informed that from the State's point of view, there is nothing for the Court to consider at the present time, but the question of forfeiting your bond on Monday, February 24. If a motion for continuance is framed and presented because of the contents of the letter from the State Hospital, the State will perhaps concede the point. I suggest that you consult your attorney or Puckett's Little Rock attorney in this matter, inasmuch as we are informed that Mr. West, local counsel for Puckett has relieved himself of further responsibility in the matter.

In the event that the motion is properly presented, and is granted, you are hereby informed that we will make application for a much larger bond, on the basis of Puckett's past record, and the more severe punishment which could result from our amendment to bring this case under the habitual criminal statute.''

It appears that Puckett had engaged a lawyer in Forrest City and also a Little Rock attorney to represent him, but on February 18, 1958 the Forrest City lawyer withdrew from the case because his fee had not been paid and he so notified Puckett. There is no showing as to what arrangements were made with the Little Rock lawyer. In any event, no motion was made to continue the case which was called for trial on February 24, 1958.

On February 28, 1958, the Court ordered the bond forfeited. On January 7, 1959, Hood obtained custody of Puckett and surrendered him to the officers of St. Francis County. Hood filed a petition to set aside the bond forfeiture alleging that Puckett was not present when his case came on for trial because he is insane. Hood also moved for a jury trial. Both the petition to set aside the bond forfeiture and the motion for a jury trial were overruled. Hood appealed to this Court and we held that he was entitled to a jury trial and reversed the judgment of forfeiture. *Hood* v. *State,* 231 Ark. 772, 332 S. W. 2d 488.

On remand a jury trial was had and there was a verdict for the State on the issue of whether, because of insanity, Puckett failed to appear on February 24, 1958, when his case was called for trial. This is the second appeal.

First, did the Court err in not setting aside the bond forfeiture as the Court could have done under authority of Ark. Stats. 43-729 which provides: ''If, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail-bond.''

When the case was called for trial on February 24, 1958, the defendant was not present and no one appeared in his behalf to ask that the case be continued, but no bond forfeiture was ordered at that time. An alias warrant was issued for Puckett's arrest.

On February 26, two days later, two officers from Forrest City came to Little Rock to arrest Puckett and return him to St. Francis County. They went to the State Hospital where they had been told Puckett was confined, but he was not there. He had been released to a lawyer in Little Rock. The officers went to the lawyer's office and were informed that Puckett had fled. The officers returned to Forrest City and on February 28, the Court ordered a forfeiture of the bond. Under these circumstances we do not think there was an abuse of discretion by the trial Court in refusing to remit the bond forfeiture or any part thereof.

The trial Court had good reason to believe that Puckett entered the hospital on February 18 for the purpose of avoiding a trial on February 24. Puckett's admission to the hospital was voluntary. No doctor signed anything to the effect that Puckett was insane. One of his lawyers testified that he forcefully conducted Puckett to the hospital on the night of February 18 because his condition indicated insanity, but the hospital record show that Puckett was admitted in the middle of the day. This was six days before the case was to be tried. Two days after the case was to be tried, Puckett was released by the hospital to one of his lawyers and promptly disappeared. One of those in charge at the hospital testified that Puckett would not have been admitted to the hospital in the first place if it had been known that a criminal case was pending against him, and that he would have been released to attend the trial on the 24th if the request had been made. It has been suggested that later Puckett was sent to the penitentiary from Pulaski County and was then transferred from the penitentiary to the State Hospital and is now there confined.

Perhaps Puckett is insane, but the issue of whether he was absent when his case was called for trial because of insanity was submitted to a jury. At all times Puckett was represented by counsel. The lawyer, who according to the record, was representing him in the case at Forrest City at the time of the forfeiture, and who was not present to move for a continuance, was not called as a witness in the case at bar.

In his petition filed on April 18, 1958, to set aside the bond forfeiture, appellant alleged that Puckett was unable to appear in court because of insanity. This allegation raised an issue that called for a jury trial, since the appellant requested such a trial. Upon the trial on remand the Court, by Instruction No. 1 told the jury: "You are instructed that if you find from a preponderance of the evidence that the defendant, Johnny Puckett, was confined in the Arkansas State Hospital For Nervous Diseases on February 24, 1958, because of his insanity, and was unable to attend his trial on said date in this Court because of such confinement and insanity, then you will find for the defendant, Ted Hood. On the other hand, if you find from a preponderance of the evidence that the defendant, Johnny Puckett, was admitted to the Arkansas State Hospital for Nervous Diseases as a voluntary patient under the provisions of Act 411 of 1955 for treatment for alcoholism, and if you further find he could have been released if he had requested it, or if the hospital authorities had been informed that criminal charges were pending against him, then you will find for the plaintiff, State of Arkansas."

This instruction was correct. The issue was whether appellant was unable to attend Circuit Court on February 24, 1958 because of insanity. He had asserted no other valid reason for not being present when his case was called. The only evidence of insanity was the testimony of his wife that he acted "crazy" and the testimony of one of his lawyers to the same effect. No other witness testified that he was insane and it was shown that he was released from the hospital two days after

the case was called for trial. The burden was on the appellant to prove that Puckett was not in court when his case was called for trial because he was insane. He failed to establish such allegation to the satisfaction of the jury.

Affirmed.

GEORGE ROSE SMITH and WARD, JJ., dissent.

GEORGE ROSE SMITH, J., dissenting. Before final judgment was entered against Hood he succeeded in obtaining custody of Puckett and surrendering him to the officers of St. Francis county. Under the statute the fact that the accused had been surrendered entitled Hood to invoke the trial court's discretionary authority to remit the forfeiture in whole or in part. Ark. Stats. 1947, § 43-729. We have recently observed that the giving of bail bonds is to be encouraged and that the court's power to remit the forfeiture is intended to provide the bail with an incentive for securing the arrest of the defendant. *Central Cas. Co. v. State*, 233 Ark. 832, 346 S. W. 2d 193.

In the case at bar the circuit court did not actually exercise its discretion, for it denied the motion for remission of the forfeiture upon the single ground that the bondsman had sought and been granted a trial by jury. The jury, however, had no power to remit any part of the forfeiture; it merely decided as an issue of fact whether Puckett was really insane when he entered the State Hospital. Hood had a constitutional right to have that issue determined by a jury, but surely his insistence upon a jury trial did not preclude him from seeking other relief that only the court could give. An analogous situation is that in which the accused in a criminal case asks for a jury trial upon the merits; that request does not prevent him from first seeking a change of venue, which can be granted only by the court.

Here the trial court summarily denied the bondsman's request for a remission of the forfeiture. The majority, as I understand their opinion, affirm the circuit court's action upon the ground that Puckett willfully

sought to avoid trial by resorting to a subterfuge as a means of gaining admission to the State Hospital. The bail is punished because the defendant was not unavoidably absent when the case was called for trial.

This is a harsh rule. It used to be the holding in the federal courts, solely because the governing statute was construed to deny relief to the bondsman if the accused had been guilty of a willful default. In *United States* v. *Kelleher*, 2d Cir., 57 F. 2d 684, 84 A. L. R. 414, Judge Learned Hand applied the federal rule with reluctance, pointing out that it was a strained construction of the statute and, further, that the state courts uniformly reject this harsh view. Later on the federal rule was changed by the Rules of Criminal Procedure to conform to the state practice. *Smaldone* v. *U. S.*, 10th Cir., 211 F. 2d 161.

Our statute contains no language whatever to indicate a legislative intention that the bondsman should suffer for the defendant's willful failure to appear for trial. No doubt the accused's absence is willful in almost every instance; I see no real difference between a case in which the accused conceals himself to avoid a trial and one in which he fraudulently enters the State Hospital for the same purpose. Surely the majority do not mean to hold that the defendant's absence must be unavoidable, for in that case the bail may be entitled as a matter of right to a complete remission of the forfeiture.

Here Hood was not guilty of conspiring with Puckett to avoid trial. To the contrary, Hood persevered in his efforts to recapture Puckett and was finally successful in returning him to St. Francis county. There the authorities were so little interested in the case that they did not even bring Puckett to trial; instead they turned him over to Pulaski county for trial upon similar charges pending there. In the circumstances I would remit at least half the amount of the forfeiture.

WARD, J., joins in this dissent.