McCROSKY *v.* STATE.

5-2790                                     361 S. W. 2d 266

Opinion delivered October 29, 1962.

*Skillman & Webb,* for appellant.

*Frank Holt,* Attorney General, by *Russell Morton,* Asst. Attorney Gen., for appellee.

SAM ROBINSON, Associate Justice. On the 6th day of January, 1961, appellant, Mary Lou Henson, was charged by information filed by the prosecuting attorney, with the crime of murder in the first degree. On the 16th day of April, 1961, the defendant, Henson, was indicted by the Craighead County Grand Jury for murder in the second degree for the same alleged killing. The defendant was released on $5,000.00 bail-bond made by the United Bonding Insurance Company and executed by D. F. McCrosky, attorney in fact.

The Craighead Circuit Court convened on November 13, 1961, the Henson case being set for trial on November 14. The defendant was not present on the 13th, nor was she present on the 14th when the case was called, a jury panel being present. On the 15th, the defendant having not appeared, the prosecuting attorney moved for a forfeiture of the bond. The Court granted the motion and issued a summons directed to the defendant, Henson, and her bondsman, ordering them to appear within twenty days and show cause why judgment in the sum of $5,000.00 should not be rendered against them. Appellants filed an answer and the matter was set for trial. After hearing all the evidence, the Court set aside half of the $5,000.00 forfeiture and rendered judgment against defendant and her bondsman in the sum of $2,500.00. Appellants have appealed from the $2,500.00 judgment, contending that there was an abuse of discretion by the trial court in failing to set aside a larger portion of the forfeiture.

Ark. Stats. 43-724 provides: "If, before the final adjournment of the Court, the defendant appears and satisfactorily excuses the failure, [to appear in court], the court may discharge the forfeiture." Ark. Stats. 43-729 provides: "If, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail-bond."

There does not appear to be any substantial controversy about the facts. McCrosky, attorney in fact for the bonding company, executed the bond. Mrs. Henson, the defendant, was living in Jackson County, near Newport; McCrosky kept in touch with her attorney and thought he knew where she was and that she would appear in court at the proper time. He had no reason whatever to believe otherwise.

On Saturday, November 11, 1961, Mrs. Henson's attorney went to Jackson County to see his client and learned from her mother that she had left a few hours earlier for Chicago; but the attorney still thought she would be in court Monday. When she was not there Mon-

day, and was not there on Tuesday, the attorney notified her bondsman and gave him the information about the defendant having gone to Chicago.

Mr. McCrosky immediately engaged a private detective in Memphis and sent him to Chicago in an attempt to locate the defendant and have her brought to court. On the 17th, the detective found the place where the defendant had stopped in Chicago, but learned that she had left early that morning to return to Arkansas. The detective gave this information to McCrosky by long distance telephone. McCrosky then engaged the services of Mr. Jake Winningham, ex-sheriff of Jackson County, to locate the defendant just as soon as she returned to Jackson County. Mr. Winningham got in touch with Mr. Leonard Woodman, the present sheriff, and in a short time they took Mrs. Henson into custody and put her in the Jackson County Jail. Later that same day, the 17th, McCrosky and Mrs. Henson's attorney went to Newport and the sheriff released her to her attorney. The lawyer and McCrosky then took her to Jonesboro where she was placed in the Craighead County Jail. This was on the 17th, just two days after the case was to have been tried, and the court was still in session. It might be added parenthetically, that the following April the defendant was tried and acquitted.

It appears that Mrs. Henson's husband was working in Chicago and that she went there in an effort to get money to pay the balance of her attorneys fee. Her husband received his paycheck Thursday evening and they left early Friday morning, arriving in Newport, Arkansas the same day. The evidence is convincing that she did not fail to appear in court because she intended to "jump bond".

Just as soon as the bondsman learned that the defendant was not in court when she should have been, he did everything in his power to produce her before the court, and did cause her to be brought before the court just three days after court convened and only two days after the case was set for trial. It is undisputed that the bondsman spent $912.20 in producing the defendant in

court, and this sum does not include the fee for the detective sent from Memphis to Chicago. It is shown that the total expense to the county caused by the defendant's failure to appear at the proper time, was not more than $780.00, which includes $1.50 per day for the 170 days she was in jail until she was tried. This amount, coupled with the $912.20 and the detective fee, will total $2,000.00 or more that it will cost appellants by reason of the defendant failing to appear in court when her case was called.

In the circumstances, we do not believe the defendant and her bondsman should be further penalized by causing them to pay a greater sum than it takes to reimburse the county for the loss sustained by reason of the defendant's absence. In *Central Casualty Co.* v. *State,* 233 Ark. 602, 346 S. W. 2d 193, a similar case, this Court said: ''The court's discretion is not arbitrary; it should be fairly exercised upon the facts in the particular case.''

Accordingly, the judgment is modified by reducing it to $780.00, and as modified it is affirmed. Costs to be assessed against appellants. It is so ordered.

ED F. McFADDIN, Associate Justice (Dissenting). In the case of *Central Casualty Co.* v. *State,* 233 Ark. 602, 346 S. W. 2d 193 (decided May 15, 1961) this Court modified a Circuit Court judgment involving a bond forfeiture. I dissented in that case and stated my views in a dissenting opinion. I dissent in the present case, and my views in this case are exactly as stated in my dissent in the Central Casualty Company case, *supra.*