C. Carlton SMITH *v.* STATE of Arkansas

CR 78-235                              577 S.W. 2d 411

Opinion delivered February 26, 1979
(In Banc)

Appellant, *pro se.*

*Bill Clinton,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a bond forfeiture proceeding. The appellant Smith, charged with a violation of the Arkansas Securities Act, entered a plea of not guilty and was released on a $5,000 cash bond put up by his father.

Smith's attorney withdrew from the case. The prosecuting attorney, desiring to know whether an attorney should be appointed for Smith as an indigent, apparently brought about the sending of a notice by the court clerk for Smith to appear on November 22, 1977, "for arraignment[s] only." Smith, having already been arraigned, did not appear, and the court forfeited the bond. This appeal is from an order refusing to set aside the forfeiture.

We consider this case to be essentially controlled by our holding in *Central Cas. Co.* v. *State,* 233 Ark. 602, 346 S.W. 2d 193 (1961). There we said: "It is well settled that the giving of bail bonds is to be encouraged, not only because the accused is ordinarily entitled to his freedom before the trial but also because the state is relieved of the expense of maintaining the prisoner until the case can be heard." There we found that the defendant's failure to appear was partially excusable. We reduced a $7,500 forfeiture to $750, which was described as an amount sufficient to reimburse the county for various costs such as jury expenses and witness fees (some 25 or 30 witnesses having been summoned).

In the case at bar it is important to note that the case was not set for trial on November 22, the day when Smith failed to appear. The prosecutor merely wanted to know whether an attorney should be appointed. The State could not have been put to any substantial expense by Smith's absence. The notice that was sent to Smith was inaccurate, in that he had already been arraigned. He made some effort to protect himself, by telephoning from Washington, D.C., to two Arkansas attorneys, neither of whom was in a position to appear for him. Smith then made a two-day business trip to London, so that he failed to appear in court as directed.

We do not imply that Smith was blameless in the matter. The trial judge evidently believed that Smith may have been attempting to avoid the possibility of being served with process in a federal case pending in another state. The judge may have believed that Smith had previously delayed this case without cause. The judge may also have believed that Smith made inconsistent statements in connection with his attempt to have the forfeiture set aside. Even so, the case was

not set for trial on the date of Smith's default, the state has not been put to any substantial expense as in the case cited, and Smith did actually submit himself to the court's jurisdiction with promptness. In the circumstances a forfeiture of $1,-000 is sufficient and proper.

As so modified the judgment is affirmed.

FOGLEMAN, BYRD, and HICKMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I would set aside the bond forfeiture. Appellant had been arraigned on April 12, 1977. Thereafter, his attorney, Richard E. Gardner, withdrew from the case. The court gave no notice to appellant to appear on November 22, 1977. The notice to appear was sent by the prosecuting attorney. The bail was to guarantee all subsequent appearances of the defendant on the charge. Rule 9.2, Arkansas Rules of Criminal Procedure. We need not consider the very dubious practice of a notice to appear by the prosecuting attorney, the charging official, who, for the purposes of trial, was appellant's adversary, because appellant never got or knew about that notice, which was addressed for delivery by certified mail to the addressee only. The only notice we have for consideration is a written notice by the clerk to an attorney who had withdrawn from the case. That notice was actually received by appellant on November 18. That notice was for arraignment only. The petition for forfeiture was filed on November 21, 1977, the day before appellant's scheduled appearance. The forfeiture was declared on the day the court had scheduled for appellant's appearance.

Appellant was justified in taking the notice at face value, and in believing that it was sent in error, or, as he put it, "administrative error," and recipient would have been justified in feeling that there was confusion for which he was not to blame. The petition for forfeiture was predicated only upon the fact that the prosecuting attorney's notice had been returned with the notation, "Return to Sender — Addressee Unknown." Before the forfeiture was declared, Gardner stated to the court (and it is not denied) that appellant had been previously arraigned and that he had always appeared

in the past when he had notice. Appellant's father, who posted the $5,000 cash bail (according to Gardner), had not been notified that appellant was to appear on November 22. There is no showing that he had. Appellant testified that Gardner only told him that he should employ an attorney and that Gardner agreed that he had already been arraigned, but did not tell him that he should appear. There is no intimation that a trial was set or anticipated on November 22. At the time the court heard appellant's motion to remit the forfeiture (July 18, 1978), there had been no trial and the trial judge gave notice that the case would be tried no later than the following September.

It is quite possible that the court was justified in considering appellant to be of dubious credibility and in giving his testimony little weight. I am confident, although the record does not reflect it, that the trial judge correctly found that appellant was doing whatever he could to avoid being tried on the charge. I simply think that a forfeiture should not be declared on this record.

DARRELL HICKMAN, Justice, dissenting. I would affirm the judgment of the trial court ordering a forfeiture of the bond.

The appellant had actual notice that he was supposed to be in court. He called two lawyers who had represented him before and asked them to appear for him; both of them refused. The trial judge, after a hearing, decided that Smith made a deliberate choice after being advised by counsel of the possible consequences of his failure to appear. The trial court's characterization of the appellant's testimony and demeanor is the reason I would affirm the judgment:

> . . . I have never heard such conflicting testimony in my life, Mr. Smith, and I'm not sure which time you were lying. Whether it was in the letter you wrote on November 18, or by way of the testimony you first offered to the Court or the testimony you later offered to the Court. I just can't believe that your memory is that bad. I think that it was a deliberate effort on your part to come into this Court and try to tell me a bald-faced lie

so I would return your bond money. You were concerned about that bond money last November 18th . . . . You knew good and well that it would be called if you didn't appear. I think one of the reasons you elected not to appear is because you didn't want to go to trial. The record indicates that you have successfully stalled this case since March 3rd of last year and I'm not going to take any more stalls on this. I'm informing your counsel to get prepared. It won't do you any good to fire this man like you fired the others at the last minute and come in here at the last minute and say that you are not ready to go to trial. You are presumed to be innocent of the charges and the jury will perhaps find you to be innocent. Nevertheless, there is going to be a trial. . . . .

One reason for the crowded docket problem is that cases are postponed and valuable court time is wasted. One way of preventing such dilatory tactics is imposition of bonds and forfeiture of the bond. The trial court was in a position to judge the matter, which he did; I would not substitute my judgment for his in this case.

I am authorized to state that Justice Byrd joins in this dissent.