ALLIED INSURANCE CO. *v.* STATE
of Arkansas and
MIDLAND INSURANCE CO. *v.* STATE
of Arkansas

CA 79-237 & CA 79-238          597 S.W. 2d 115

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Released for publication April 16, 1980

*Jones, Gilbreath & Jones,* for appellants.

*Steve Clark,* Atty. Gen., by: *E. Alvin Schay,* Asst. Atty. Gen., for appellees.

DAVID NEWBERN, Judge. We have combined these two cases for disposition on appeal because their facts are essentially identical, and the same basic questions are presented in each. The appellants ask us to hold that the bond of Patricia Parker in each case should not have been ordered forfeited by the court because her mental illness prevented her appearance. We are asked, in the alternative, to hold the bond forfeitures should be reduced because they are excessive. We hold the statute which makes forfeiture improper on failure to appear because of mental illness requires proof not presented by the appellants. However, we agree the bond forfeitures were excessive, and we reduce them to the extent we deem them unjustified by the records in these cases.

On December 3, 1976, Patricia Parker was charged in Sebastian County Circuit Court by information with theft by deception. Bail bond was set at $15,000. The bond was supplied by Taylor Bonding Company and underwritten by appellant Midland Insurance Co. Trial was set for November 7, 1978, and the bond was ordered forfeited when Ms. Parker failed to appear. Taylor Bonding Company was given notice of the trial date, but appellant Midland was not.

On August 5, 1977, the same Patricia Parker was charged by information in Sebastian County Circuit Court with forgery. Bail bond was again supplied by Taylor Bonding Company and was set at $10,000. This bond was underwritten by Allied Insurance Company which was owned by Midland Insurance Company. A hearing to determine if the accused had the benefit of counsel was set for November 20, 1978, and the bond was ordered forfeited when Ms. Parker failed to appear. Appellant Allied had five days notice of the hearing date.

Ms. Parker was ultimately returned to the court in Sebastian County after she had, on March 12, 1979, voluntarily surrendered herself to Pulaski County authorities to face entirely separate charges against her there. The appellants, Midland and Allied, moved to set aside and discharge the bond forfeitures. At hearings held on June 5, 1979, the appellants presented evidence of their effort to apprehend the defendant. Their evidence showed they sent their regional manager to Fort Smith from Indianapolis to investigate the matters. The manager's testimony detailed his efforts which were mostly telephone calls attempting to locate the accused and notifying other bondsmen of her description and the fact she was wanted. The companies offered a $3,000 reward which, of course, was not collected because of Ms. Parker's voluntary surrender. The manager testified he spent $336.00 on the case plus fifteen hours of his time and the cost of phone calls, the amounts of which were not specified.

Also presented by the appellants at the hearing was the testimony of a clinical psychologist to the effect that Ms. Parker was the victim of a serious mental illness including a multiphasic personality. The purpose of this testimony seems to have been to prove the accused was prevented from appearing at the hearings because of her mental disability.

### 1. *Mental Disability*

Ark. Stat. Ann. § 43-733 (Repl. 1977), provides, in part:

No forfeiture of any appearance or bail bond shall be rendered in any case where a sworn statement of a licensed court appointed physician is furnished the court showing that the principal in such bond is prevented from attending by some physical or mental disability, . . .

There was no evidence presented showing the clinical psychologist who testified in this case was "court appointed." There was no showing that this defendant was confined due to her mental illness. In *Tri-State Bonding Co.* v. *State,* 263 Ark. 620, 567 S.W. 2d 937 (1978), our supreme court reaffirmed its previous holdings that for mental illness of the prinicpal to

be sufficient to relieve the bondsman, the principal must be confined and beyond the power of the bondsman. Although that case did not interpret the statute on which these appellants rely, it should be potent authority for a definition of the word "prevented" as it appears in the statute.

We need not discuss whether a clinical psychologist is a "physician," because we hold the statute does not excuse these sureties for the reasons already given.

## 2. *Excessive Forfeitures*

*Tri-State Bonding Company* v. *State, supra,* dealt with many of the considerations which come to bear in determining whether a bond forfeiture is excessive. There is no need to state all of them here, but we recognize the main ones to be assurance that the forfeiture is reduced to allow the bondsman to recover expenditures made in attempts to apprehend the defendant; compensation of the state for expenditures resulting from delay in appearance of the defendant; and maintenance of forfeitures in a range which will assure continued commercial availability of the bail bonds and yet assure that sureties continue to try to meet their obligation to produce defendants on time.

Ark. Stat. Ann. § 43-729 (Repl. 1977), gives the trial court discretion to remit all or part of the bond if the defendant is surrendered or arrested. The *Tri-State* case presents a good example of the *ad hoc* manner in which cases like these have been approached. There, seven separate forfeitures were considered, and the reductions and refusals to reduce varied with the circumstances without any particular element controlling.

Applying the considerations stated above to the Midland appeal, we hold the trial court abused its discretion in forfeiting more than $5,000 of the $15,000 bond. See, *Central Casualty Co.* v. *State,* 233 Ark. 602, 346 S.W 2d 193 (1961), where a $7,500 forfeiture of a $15,000 bond was reduced to $750 because of the accused's good faith excuse for failure to appear, and *Craig and Schaaf* v. *State,* 257 Ark. 112, 514 S.W. 2d 383 (1974), where the supreme court held forfeiture in ex-

cess of $2,500 of a bond of $7,369.23 was an abuse of discretion because although the bondsman allowed the accused to leave the state, the bondsman succeeded in apprehending the defendant. In both of the cases before us, we consider the evidence of the mental illness of the defendant, which was apparently unknown to these sureties, to be relevant to their lack of control of the situation, although as earlier discussed, it gave them no statutory excuse. We also consider that it was not the efforts of these appellants which brought the accused to justice. In the Midland appeal, the state undoubtedly was out some expenses of preparation for trial, but they were not shown to be in excess of $430 which was paid out for witness and juror fees. Altogether, we do not believe they could have exceeded $5,000.

With respect to the Allied appeal, we find a significant relationship to *Smith* v. *State,* 265 Ark. 137, 577 S.W. 2d 411 (1979), because there, as here, the hearing at which the accused failed to appear was one to ascertain whether the accused had counsel. There were, however, other factors including an inaccurate notice to the accused that he should appear for arraignment (he had already been arraigned) and evidence of the accused's unsuccessful attempt to have attorneys appear for him. The supreme court held any amount in excess of $1,000 of a $5,000 bond forfeiture which had been imposed in the trial court was excessive. Comparing, as best we can, the facts in the Allied appeal with those recited, we hold the forfeiture of the Allied bond should not exceed $3,333.33.

Affirmed as modified.